UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL RESCUE LLC,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD MUHLNER, THOMAS BOCHNOWSKI, and MARK COHON,<br><br>Defendants. | CIVIL ACTION NO. 11-12250 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendants Edward Muhlner, Thomas Bochnowski, and Mark Cohon, hereby petition this Court for the removal of the action. The basis for removal is as follows:

1. On December 9, 2011, Plaintiff Global Rescue LLC filed a Complaint in the Suffolk County Superior Court of the Commonwealth of Massachusetts against Muhlner, Bochnowski, and Cohon, Civil Action No. 11-4502G. Global Rescue asserts claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of fiduciary duty; (4) breach of duty of loyalty; (5) misappropriation of trade secrets in violation of Mass. Gen. Laws c. 93, §§ 42 and 42A; (6) civil conspiracy, (7) replevin; and (8) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), related to the Defendants' prior relationship with GR as employees (Muhlner and Bochnowski) and a consultant (Cohon). Compl. ¶¶ 75-122.

2. In their Complaint, Plaintiffs seek a permanent injunction, double damages, costs, attorneys' fees, and interest, among other relief. *See* Compl. Prayer for Relief.

3. On Friday, December 9, 2011 at 3:45 p.m., Plaintiffs also sought and obtained an *ex parte* Temporary Restraining Order in Suffolk Superior Court enjoining defendants "from prosecuting a separate suit in any other court, including but not limited to the state and federal courts of California, that arises from or involves the same nucleus of facts, controversy, and/or issues raised in the instant suit or that would otherwise interfere with this action." The Temporary Restraining Order further provides that "Defendants are hereby enjoined from obtaining relief in any other court except a federal court in Ma[illegible] that would stay, limit or restrain this Court or restrict plaintiff from prosecuting its claims in this action."

4. By Rule, the *Ex Parte* Temporary Restraining Order expires on December 19, 2011, ten days after it was issued. Mass. R. Civ. P. 65(a); *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 436 (1974) (removal to federal court will not expand state court order).

5. Also on December 9, 2011, Plaintiffs filed a Motion for Preliminary Injunction. A hearing on the Motion was scheduled in the Superior Court for December 20, 2011 at 2:00 p.m.

6. As more fully set forth below, this action is properly removed to this Court under 28 U.S.C. § 1441 & 1453 because Defendants have satisfied the procedural requirements for removal and this Court has both diversity (23 U.S.C. § 1332) and federal question (28 U.S.C. § 1331) jurisdiction over this matter.

## I. <u>Defendants Satisfied The Procedural Requirements For Removal.</u>

7. Plaintiff filed the Complaint on December 9, 2012. Defendant Muhlner was served on December 15, 2011. As of the date of this Notice the other Defendants had not been served. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of the date that Defendants were first served with the Summons and

Complaint.

8. Because this Court embraces the county and court in which Plaintiff filed its Complaint, this action is properly removed. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 101.

9. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Suffolk Superior Court on this date, and a copy of this Notice of Removal is being served on all parties to this lawsuit on this date.

10. A copy of all process, pleadings and orders served upon Defendants accompanies this Notice of Removal as required by 28 U.S.C. § 1446(d). *See* Exhibit A.

11. Pursuant to Local Rule 81.1(a), Defendants will request from the clerk of the Suffolk Superior Court certified or attested copies of all records and proceedings in the state court, and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, and shall file the same with this Court within thirty (30) days after the filing of this Notice of Removal.

12. By filing this Notice of Removal, Defendants do not waive any jurisdictional objections or other defenses that are or may be available to it.

## II. <u>The Court Has Subject Matter Jurisdiction</u>

13. "Any civil action brought in a State court which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the place where such action is pending." 28 U.S.C. § 1441(a).

### A. <u>The Court Has Diversity Jurisdiction</u>

14. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a)(1).

15. Plaintiff Global Rescue LLC is a Delaware limited liability company with its principal place of business in Boston, Massachusetts. Compl. ¶ 1. Defendants are informed and believe that the members of Global Rescue reside in Delaware and Massachusetts.

16. Defendant Muhlner is a resident and citizen of California. *See* Compl. ¶ 2.

17. Defendant Bochnowski is a resident and citizen of California. *See* Compl. ¶ 3.

18. Defendant Cohon is a resident and citizen of Connecticut. *See* Compl. ¶ 4.

19. Because Plaintiff is a citizen of Massachusetts and Delaware and Defendants are citizens of California and Connecticut, there is complete diversity of citizenship as required under 28 U.S.C. § 1332(a)(1).

20. Plaintiff alleges that Defendants "are currently soliciting GR clients and potential clients," "have usurped corporate opportunities away from GR," and "may be soliciting other current or former GR employees." Compl. ¶¶ 65-67.

21. Plaintiff further alleges that Defendants "caused DR to incur considerable expense and distraction from ongoing operations," "caused GR to suffer, and will continue to cause GR to suffer, a loss of revenue," "caused GR to incur other costs related to filling their vacated positions," and caused GR "to commit additional resources (time, attention, and dollars) to address the substantial issues relating to its possible stolen data." Compl. ¶¶ 68-71. Based on these allegations, there is a reasonable probability that the matter in controversy exceeds $75,000.

22. In addition to the claims for actual damages, the Court must also consider plaintiffs' claims for attorneys' fees and "other or further relief," in calculating the amount in controversy. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 6 (1st Cir. 2001).

**B. <u>The Court Has Federal Question Jurisdiction</u>**

23. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

24. This Court also has original federal question jurisdiction over this case because Plaintiff has alleged a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C) against Defendants Bochnowski and Muhlner in Count VIII of the Complaint.

25. This Court has supplemental jurisdiction over the remainder of the Counts of the Complaint under 28 U.S.C. § 1367 because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

WHEREFORE, Defendants respectfully remove the case pending in the Suffolk Superior Court to this Court.

DATED: December 19, 2011

Respectfully Submitted,

EDWARD MUHLNER, THOMAS BOCHNOWSKI, and MARK COHON
By their attorneys,

/s/ Gary R. Greenberg
Gary R. Greenberg, BBO # 209420
Peter Alley, BBO # 552610
Eric M. Gold, BBO # 660393
GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts 02110
Tel: (617) 310-6000
Fax: (617) 310-6001
greenbergg@gtlaw.com
alleyp@gtlaw.com
golde@gtlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon Counsel for the plaintiffs by U.S. Mail on December 19, 2011.

/s/ Gary R. Greenberg