MORGAN, BROWN & JOY LLP
ATTORNEYS AT LAW
200 STATE STREET
BOSTON, MASSACHUSETTS 02109-2605
TELEPHONE (617) 523-6666

MARK M. WHITNEY
*also admitted in CT, NH & NY

DIRECT DIAL (617) 788-5023
DIRECT FAX (720) 293-9696
mwhitney@morganbrown.com

December 19, 2011

**FILING AND DELIVERY VIA ECF SYSTEM**

Honorable Mark L. Wolf, Chief Judge
United States District Court
District Of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

**Re:** ***Global Rescue LLC v. Muhlner, et al., Docket No. 1:11-cv-12250-MLW-RBC***

Dear Chief Judge Wolf:

My firm represents the plaintiff in the above-referenced action, Global Rescue LLC ("Global Rescue"). The defendants removed this action this Court from the Suffolk County Superior Court earlier today. My purpose in writing is to call to Your Honor's attention two exigent aspects of this case:

1. Temporary Restraining Order:

As explained in the underlying motion papers, the defendants filed a declaratory judgment action in California state court on October 31, 2011, in a clear effort to shop for the most favorable forum as part of their attempt to extricate themselves from certain restrictive covenants. Through their contracts, the defendants all agreed to submit to jurisdiction in Massachusetts, that the dispute would be governed by Massachusetts law, and that the exclusive forum for resolving disputes would be the state or federal courts of Massachusetts. The defendants additionally and specifically promised to refrain from suing anywhere outside of Massachusetts. (Copies of the contracts at issue were filed by defendants with their removal papers.) In light of these unambiguous promises, on December 9, 2011, at 3:45 pm., Justice Elizabeth M. Fahey of the Superior Court granted an *ex parte* TRO which enjoined the defendants from "prosecuting a separate suit in any other court, including but not limited to the state and federal courts of California, that arises from or involves the same nucleus of facts, controversy, and/or issues raised in the instant suit or that would otherwise interfere with this action." *See* Copy of TRO at ¶ 1, attached as Ex. A; *see also* copy of margin order which explains Justice Fahey's rationale behind the TRO, attached as Ex. B.

In their Notice of Removal, the defendants take the position that the TRO expires on December 19, 2011. *See* Notice of Removal at ¶ 4, Docket No. 1. However, defendants neglect to explain that Justice Fahey specifically ordered that the TRO "*shall remain in force and effect until it is revisited at the hearing on Plaintiff's motion for a preliminary injunction, at which time it will be reviewed.*" *See* TRO at ¶ 3, Ex. A (emphasis added). Moreover, Justice Fahey also clearly contemplated that the action might be removed to federal court when she modified the proposed TRO language to reflect that the defendants' attempt to seek any relief from a federal court in Massachusetts would not violate the TRO. *See id.* at ¶ 2.

Justice Fahey plainly intended that the TRO should remain in effect until a hearing on the preliminary injunction. That hearing was scheduled to occur *tomorrow*, Tuesday, December, 20, 2011, at 2:00 p.m. Defendants have elected to effectively stall that hearing by removing this action to this Court. In light of the procedural posture of this matter, the overall circumstances, the clear intentions of Justice Fahey, and the fact that the defendants have elected on their own accord to delay the preliminary injunction hearing date, Global Rescue respectfully requests that Your Honor issue an order to clarify that the TRO shall remain in place until the preliminary injunction hearing.

2. Preliminary Injunction Motion Pending:

As indicated above, Global Rescue has filed a motion for a preliminary injunction that was scheduled to be heard tomorrow at 2:00 p.m. As a result of the defendants' removal of this action, the state court preliminary injunction hearing is necessarily canceled. Global Rescue respectfully requests that Your Honor reschedule the preliminary injunction hearing at the earliest potential date permitted by the Court's calendar.

Thank you for your attention to this matter.

Respectfully submitted,

Mark M. Whitney

Enclosures: Exhibits A and B
Copies to: Melissa L. Roth, Esq. (via-email, w/ enclosures)
All counsel of record via ECF system