UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLOBAL RESCUE LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-12250-MLW |
| | ) | |
| | ) | |
| EDWARD MUHLNER, et al. | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

WOLF, D.J. December 23, 2011

I. INTRODUCTION

On December 9, 2011, the Massachusetts Superior Court granted, ex parte, Global Rescue LLC's ("Global Rescue") motion for a temporary restraining order (the "TRO") enjoining Edward Muhlner, Thomas Bochnowski, and Mark Cohon from continuing to pursue parallel litigation that they filed in California on October 31, 2011. The Superior Court scheduled a hearing to consider whether the TRO should be converted into a preliminary injunction for December 20, 2011. However, on December 19, 2011, Muhlner, Bochowski, and Cohon removed this case to federal court. Accordingly, the December 20, 2011 hearing did not take place. Global Rescue submitted a letter to this court on December 19, 2011, requesting the court to issue an order clarifying that the TRO entered in the Superior Court remains in effect. The court is not issuing such an order and the TRO is being dissolved.

## II. PROCEDURAL HISTORY

The parties in this case are engaged in parallel litigation arising out of the decision of Muhlner, Bochnowski, and Cohon to end their employment with Global Rescue and to start their own company that would compete with Global Rescue. It is alleged that while they were employed with Global Rescue, Muhlner, Bochnowski, and Cohon signed agreements that restrict their right to compete with Global Rescue, and provide that any disputes arising out of the agreements would be litigated in Massachusetts courts and governed Massachusetts law.

On October 31, 2011, Muhlner, Bochnowski, and Cohon filed a complaint in California state court seeking to have their employment agreements declared void (the "California case"). Global Rescue removed the California case to federal court on December 5, 2011. Global Rescue then filed a motion to dismiss, transfer, or stay the California case based on the forum selection clauses in the employment agreements. A hearing on that motion is scheduled for January 17, 2012, although the parties indicate that it may be delayed.

On December 9, 2011, Global Rescue filed a Complaint in the Massachusetts Superior Court to enforce the employment agreements (the "Massachusetts case"). It also filed a Motion for Preliminary Injunction seeking to enjoin Muhlner, Bochnowski, and Cohon from competing with Global Rescue until the Massachusetts case is

resolved, and to enjoin them from pursuing any litigation arising out of their employment agreements in any forum outside of Massachusetts. At the same time, Global Rescue obtained an ex parte TRO enjoining Muhlner, Bochnowski, and Cohon from pursuing the California case. The Superior Court judge ordered that the TRO would "remain in force until it is revisited at the hearing on [Global Rescue's] motion for a preliminary injunction, at which time it will be reviewed." A hearing on the Motion for Preliminary Injunction was scheduled for December 20, 2011. However, on December 19, 2012, Muhlner, Bochnowski, and Cohon removed the Massachusetts case to this court. Accordingly, the Superior Court did not decide whether to extend the TRO by converting it into a preliminary injunction.

## III. DISCUSSION

When a case in which injunctive relief has been ordered in state court is removed to federal court, it is appropriate for the federal court to consider whether the injunction should continue. See 28 U.S.C. §1450 (upon removal to federal court "[a]ll injunctions . . . had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court"); Gerber Radio Supply Co., Inc. v. Philips Semiconductors, Inc., 62 F.3d 1411, *1 (1st Cir. 1995) (Table) (citing Hyde Park Partners, L.P. v. Connolly, 839 F.2d 837, 842

(1st Cir. 1988).

Global Rescue requested that the TRO be extended, at least until a hearing could be held to consider the Motion for Preliminary Injunction. Pursuant to Federal Rule of Civil Procedure 65(a)(2), which applies now that this case is in federal court, Gerber Radio Supply Co, 62 F.3d at *2, a TRO may be extended for up to fourteen days for good cause. In this case, there is not good cause to extend the TRO because Global Rescue has not demonstrated an imminent threat of irreparable harm that will result from permitting the California case to continue, which is necessary to obtain a TRO.

To determine whether a temporary restraining order is warranted, the court applies the standard used to evaluate a motion for preliminary injunction. See Newton v. LePage, 789 F. Supp. 2d 172, 178 (D. Me. 2011). That standard is familiar:

> The burden of proof is on the plaintiff. [Ocean Spray Cranberries, Inc. v. Pepsico, Inc., 160 F.3d 58, 60 (1st Cir. 1998)]; Equal Employment Opportunity Comm'n v. Astra USA, Inc., 94 F.3d 738, 742 (1st Cir. 1996). The court is required to weigh four factors. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); Astra, 94 F.3d at 742. The first is whether the plaintiff has shown a likelihood of success on the merits. Ross-Simons, 102 F.3d at 15. The second is whether the plaintiff has established an imminent threat of irreparable harm in the absence of a preliminary injunction. Id. The court is also required to balance the hardship to the plaintiff if no injunction is issued against the hardship to the defendants if the requested injunction is ordered. Id. In addition, the court must consider the effect of the proposed injunction on the public interest. Id. . . .

> In addition, a preliminary injunction is an equitable remedy. Hecht Co. v. Bowles, 321 U.S. 321, 329 (1944); see also Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982). It does not issue automatically even if the foregoing criteria indicate that an injunction is warranted. Converse Constr. Co. v. Massachusetts Bay Transp. Auth., 899 F. Supp. 753, 760 (D. Mass. 1995). Thus, a court may properly consider any inequitable conduct by the plaintiff. The court may also consider any adverse impact on the public interest for which a bond cannot compensate and withhold relief for this reason alone. Weinberger, 456 U.S. at 312-13; Converse, 899 F. Supp. at 760.
>
> Fed. R. Civ. P. 65(c) requires a prevailing plaintiff to post a bond to pay for costs and damages that may be suffered by defendants if the defendants later prevail on the merits of the case.

Cablevision of Boston, Inc. v. Pub. Improvement Comm'n, 38 F. Supp. 2d 46, 53 (D. Mass. 1999).

Global Rescue has not satisfied its burden of demonstrating that an extension of the TRO is necessary to prevent irreparable harm. An extension of the TRO in this case will have no effect on Muhlner, Bochnowski, and Cohon's ability to continue competing with Global Rescue, which is the primary harm that it seeks to remedy through this litigation. Global Rescue requests injunctive relief to that effect only in connection with its Motion for Preliminary Injunction. Moreover, the absence of irreparable harm is demonstrated by the fact that Global Rescue waited over one month from the date that it received notice of the California case on November 4, 2011, before moving for an ex parte TRO to enjoin it.

In addition, enjoining Muhlner, Bochnowski, and Cohon from pursuing the California case would prevent them from responding to

Global Rescue's motion to dismiss, stay, or transfer that case based on the forum selection clauses in the employment agreements. Global Rescue will not be harmed if, as it expects, that motion is found to be meritorious. Moreover, it is usually most appropriate for the court in the second-filed case to defer to the court in the first-filed case to decide whether substantially overlapping parallel proceedings are appropriate and, if not, where the litigation should be conducted. See Boston & Maine Corp. v. United Transp. Union, 110 F.R.D. 322, 329 (D. Mass. 1986) (citing West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729-30 (5th Cir. 1985)) (staying second-filed case to permit court of first-filing to rule on a motion to transfer); see also TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996) (per curiam) ("Where the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer."); Veryfine Prods., Inc. v. Phlo Corp., 124 F. Supp. 2d 16, 26 (D. Mass. 2000) (refusing to stay case because court was the court of first-filing). Accordingly, the court is not reinstating and extending the TRO.

Global Rescue's Motion for Preliminary Injunction remains pending. Among other things, the Motion for Preliminary Injunction seeks to again prohibit Muhlner, Bochnowski, and Cohon from pursuing the California case. However, as described above, Global

Rescue has not demonstrated that it has satisfied the requirements of Federal Rule of Civil Procedure 65. See Cablevision of Boston, Inc., 38 F. Supp. 2d at 53. In addition, Global Rescue has not addressed the issue of this court's authority to enjoin the California case, or why this court should not defer to the court of first-filing to decide whether parallel proceedings are appropriate and, if not, where this dispute should be litigated. See TPM Holdings, Inc., 91 F.3d at 4. Accordingly, if it wishes to pursue its request for injunctive relief before the motion to dismiss, transfer, or stay the California case is decided, Global Rescue is being ordered to file a new Motion for Preliminary Injunction and memorandum of law that addresses the foregoing issues, among other things.

III. ORDER

Accordingly, it is hereby ORDERED that:

1. The December 9, 2011 Temporary Restraining Order (Docket No. 1) is DISSOLVED.

2. The pending Motion for Preliminary Injunction (Docket No. 1) is DENIED without prejudice.

3. If it wishes to do so, rather than wait for a decision in the California case as to where this dispute should be litigated, Global Rescue shall, by January 6, 2012, file a renewed Motion for Preliminary Injunction, affidavit(s), and a memorandum of law.

Muhlner, Bochnowski, and Cohon shall respond ten days after the submission.

4. If necessary, a hearing on any renewed Motion for Preliminary Injunction will be scheduled.

5. The parties shall promptly report, jointly if possible but separately if necessary, on decisions and scheduled events in the California case, and their effect on this case.

UNITED STATES DISTRICT JUDGE