# STATE COURT RECORD

## PART 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

I certify that the foregoing document is a true and correct copy of the electronic docket in the captioned case
☒ electronically filed original filed on 12/19/2011
☐ original filed in my office on
Sarah Allison Thornton
Clerk, U.S. District Court
District of Massachusetts
By: Deputy Clerk

GLOBAL RESCUE LLC,

Plaintiff,

v.

EDWARD MUHLNER, THOMAS BOCHNOWSKI, and MARK COHON,

Defendants.

CIVIL ACTION NO. 11-12250-MLW

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendants Edward Muhlner, Thomas Bochnowski, and Mark Cohon, hereby petition this Court for the removal of the action. The basis for removal is as follows:

1. On December 9, 2011, Plaintiff Global Rescue LLC filed a Complaint in the Suffolk County Superior Court of the Commonwealth of Massachusetts against Muhlner, Bochnowski, and Cohon, Civil Action No. 11-4502G. Global Rescue asserts claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of fiduciary duty; (4) breach of duty of loyalty; (5) misappropriation of trade secrets in violation of Mass. Gen. Laws c. 93, §§ 42 and 42A; (6) civil conspiracy, (7) replevin; and (8) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), related to the Defendants' prior relationship with GR as employees (Muhlner and Bochnowski) and a consultant (Cohon). Compl. ¶¶ 75-122.

2. In their Complaint, Plaintiffs seek a permanent injunction, double damages, costs, attorneys' fees, and interest, among other relief. *See* Compl. Prayer for Relief.

3. On Friday, December 9, 2011 at 3:45 p.m., Plaintiffs also sought and obtained an *ex parte* Temporary Restraining Order in Suffolk Superior Court enjoining defendants "from prosecuting a separate suit in any other court, including but not limited to the state and federal courts of California, that arises from or involves the same nucleus of facts, controversy, and/or issues raised in the instant suit or that would otherwise interfere with this action." The Temporary Restraining Order further provides that "Defendants are hereby enjoined from obtaining relief in any other court except a federal court in Ma[illegible] that would stay, limit or restrain this Court or restrict plaintiff from prosecuting its claims in this action."

4. By Rule, the *Ex Parte* Temporary Restraining Order expires on December 19, 2011, ten days after it was issued. Mass. R. Civ. P. 65(a); *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 436 (1974) (removal to federal court will not expand state court order).

5. Also on December 9, 2011, Plaintiffs filed a Motion for Preliminary Injunction. A hearing on the Motion was scheduled in the Superior Court for December 20, 2011 at 2:00 p.m.

6. As more fully set forth below, this action is properly removed to this Court under 28 U.S.C. § 1441 & 1453 because Defendants have satisfied the procedural requirements for removal and this Court has both diversity (23 U.S.C. § 1332) and federal question (28 U.S.C. § 1331) jurisdiction over this matter.

## I. <u>Defendants Satisfied The Procedural Requirements For Removal.</u>

7. Plaintiff filed the Complaint on December 9, 2012. Defendant Muhlner was served on December 15, 2011. As of the date of this Notice the other Defendants had not been served. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of the date that Defendants were first served with the Summons and

Complaint.

8. Because this Court embraces the county and court in which Plaintiff filed its Complaint, this action is properly removed. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 101.

9. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Suffolk Superior Court on this date, and a copy of this Notice of Removal is being served on all parties to this lawsuit on this date.

10. A copy of all process, pleadings and orders served upon Defendants accompanies this Notice of Removal as required by 28 U.S.C. § 1446(d). *See* Exhibit A.

11. Pursuant to Local Rule 81.1(a), Defendants will request from the clerk of the Suffolk Superior Court certified or attested copies of all records and proceedings in the state court, and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, and shall file the same with this Court within thirty (30) days after the filing of this Notice of Removal.

12. By filing this Notice of Removal, Defendants do not waive any jurisdictional objections or other defenses that are or may be available to it.

## II. <u>The Court Has Subject Matter Jurisdiction</u>

13. "Any civil action brought in a State court which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the place where such action is pending." 28 U.S.C. § 1441(a).

### A. <u>The Court Has Diversity Jurisdiction</u>

14. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a)(1).

15. Plaintiff Global Rescue LLC is a Delaware limited liability company with its principal place of business in Boston, Massachusetts. Compl. ¶ 1. Defendants are informed and believe that the members of Global Rescue reside in Delaware and Massachusetts.

16. Defendant Muhlner is a resident and citizen of California. *See* Compl. ¶ 2.

17. Defendant Bochnowski is a resident and citizen of California. *See* Compl. ¶ 3.

18. Defendant Cohon is a resident and citizen of Connecticut. *See* Compl. ¶ 4.

19. Because Plaintiff is a citizen of Massachusetts and Delaware and Defendants are citizens of California and Connecticut, there is complete diversity of citizenship as required under 28 U.S.C. § 1332(a)(1).

20. Plaintiff alleges that Defendants "are currently soliciting GR clients and potential clients," "have usurped corporate opportunities away from GR," and "may be soliciting other current or former GR employees." Compl. ¶¶ 65-67.

21. Plaintiff further alleges that Defendants "caused DR to incur considerable expense and distraction from ongoing operations," "caused GR to suffer, and will continue to cause GR to suffer, a loss of revenue," "caused GR to incur other costs related to filling their vacated positions," and caused GR "to commit additional resources (time, attention, and dollars) to address the substantial issues relating to its possible stolen data." Compl. ¶¶ 68-71. Based on these allegations, there is a reasonable probability that the matter in controversy exceeds $75,000.

22. In addition to the claims for actual damages, the Court must also consider plaintiffs' claims for attorneys' fees and "other or further relief," in calculating the amount in controversy. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 6 (1st Cir. 2001).

**B. The Court Has Federal Question Jurisdiction**

23. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

24. This Court also has original federal question jurisdiction over this case because Plaintiff has alleged a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C) against Defendants Bochnowski and Muhlner in Count VIII of the Complaint.

25. This Court has supplemental jurisdiction over the remainder of the Counts of the Complaint under 28 U.S.C. § 1367 because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

WHEREFORE, Defendants respectfully remove the case pending in the Suffolk Superior Court to this Court.

DATED: December 19, 2011

Respectfully Submitted,

EDWARD MUHLNER, THOMAS BOCHNOWSKI, and MARK COHON
By their attorneys,

/s/ Gary R. Greenberg

Gary R. Greenberg, BBO # 209420
Peter Alley, BBO # 552610
Eric M. Gold, BBO # 660393
GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts 02110
Tel: (617) 310-6000
Fax: (617) 310-6001
greenbergg@gtlaw.com
alleyp@gtlaw.com
golde@gtlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon Counsel for the plaintiffs by U.S. Mail on December 19, 2011.

/s/ Gary R. Greenberg

Case 1:11-cv-12250-MLW Document 1-5 Filed 12/19/11 Page 1 of 2

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
GLOBAL RESCUE, LLC

**DEFENDANTS**
EDWARD MUHLNER, THOMAS BROCHNOWSKI and MARK COHON

(b) County of Residence of First Listed Plaintiff Suffolk
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)* Gary R. Greenberg (BBO #209420); Peter Alley (BBO #552610), Eric M. Gold (BBO #660393) Greenberg Traurig, LLP, One International Place, Boston, MA 02110, (617) 310-6000

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Med. Malpractice

PERSONAL INJURY
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
☐ 465 Other Immigration Actions

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**V. ORIGIN** *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec 1441(a); 28 U.S.C. Sec. 1332(a)(1); 28 U.S.C. Sec. 1331; 18 U.S.C. Sec. 1030(a)(2)(C)
Brief description of cause: Plaintiff asserts claims for breach of contract; breach of the implied covenant of good faith and fair dealing; violation of Mass. Gen. Laws. c. 93 §§42 & 42A; civil conspiracy; replevin; violation of 18 U.S.C. §1030(a)(2)(c)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In excess of $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE DOCKET NUMBER

DATE December 19, 2011
SIGNATURE OF ATTORNEY OF RECORD /s/ Gary R. Greenberg

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Global Rescue LLC v. Edward Muhlner, et al

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

☐ I. 410, 441, 470, 535, 830*, 891, 893, 894, 895, R.23, REGARDLESS OF NATURE OF SUIT.

☒ II. 110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442-446, 710, 720, 730, 740, 790, 820*, 840*, 850, 870, 871.

☐ III. 120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 365, 368, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 610, 620, 625, 630, 640, 650, 660, 690, 791, 810, 861-865, 875, 890, 892, 900, 950.

*Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐ NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES ☐ NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐ NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐ NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☒ NO ☐

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☒ Central Division ☐ Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐ Central Division ☐ Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☒* NO ☐

* One Motion Pending - Plaintiff's Motion for a Preliminary Injunction

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Gary R. Greenberg (BBO #209420); Peter Alley, Esq. (BBO #552610); Eric M. Gold (BBO #660393)

ADDRESS Greenberg Traurig, LLP, One International Place, Boston, MA 02110

TELEPHONE NO. (617) 310-6000

(CategoryForm4-4-11.wpd - 4/4/11)

MASXP-20070813
leakes

12/23/2011
05:38 PM

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# SUCV2011-04502
# Global Rescue LLC v Muhlner et al

| | | | |
|---|---|---|---|
| **File Date** | 12/09/2011 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 12/19/2011 | **Session** | G - Civil G, 3 Pemberton Square, Boston |
| **Origin** | 1 - Complaint | **Case Type** | A99 - Misc contract |
| **Track** | F - Fast track | **Lead Case** | **Jury Trial** Yes |

## DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | 04/07/2012 | 04/07/2012 | 10/04/2012 | 11/03/2012 | | |
| **Filed By** | 03/08/2012 | 04/07/2012 | 05/07/2012 | 05/07/2012 | | 12/03/2012 | | 09/29/2013 |
| **Heard By** | | | 06/06/2012 | 06/06/2012 | | | 04/02/2013 | |

## PARTIES

**Plaintiff**
Global Rescue LLC
Active 12/09/2011

**Private Counsel 637054**
Mark M Whitney
Morgan Brown & Joy LLP
200 State Street
11th Floor
Boston, MA 02109-
Phone: 617-523-6666
Fax: 617-367-3125
Active 12/09/2011 Notify

**Private Counsel 670499**
Christopher S Feudo
Morgan Brown & Joy LLP
200 State Street
11th Floor
Boston, MA 02109-2605
Phone: 617-523-6666
Fax: 617-367-3125
Active 12/09/2011 Notify

**Private Counsel 670587**
Nicole Corvini
Shepard Law Firm
1 Beacon Street
16th Floor
Boston, MA 02108
Phone: 617-439-4200
Fax: 617-439-4207
Active 12/09/2011 Notify

**Defendant**
Edward Muhlner
Service pending 12/09/2011

**Private Counsel 660393**
Eric M Gold
Greenberg Traurig
1 International Place
3rd floor
Boston, MA 02110
Phone: 617-310-6000
Fax: 617-310-6001
Active 12/20/2011 Notify

MASXP-20070813
leakes

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

12/23/2011
05:38 PM

**SUCV2011-04502**
**Global Rescue LLC v Muhlner et al**

| | |
|---|---|
| | **Private Counsel 209420**<br>Gary R Greenberg<br>Greenberg Traurig<br>1 International Place<br>20th Floor<br>Boston, MA 02110-<br>Phone: 617-310-6000<br>Fax: 617-310-6001<br>Active 12/23/2011 Notify<br><br>**Private Counsel 552610**<br>Peter Alley<br>Greenberg Traurig<br>1 International Place<br>20th Floor<br>Boston, MA 02110<br>Phone: 617-310-6000<br>Fax: 617-310-6001<br>Active 12/23/2011 Notify |
| **Defendant**<br>Thomas Bochinowski<br>Service pending 12/09/2011 | **Private Counsel 660393**<br>Eric M Gold<br>Greenberg Traurig<br>1 International Place<br>3rd floor<br>Boston, MA 02110<br>Phone: 617-310-6000<br>Fax: 617-310-6001<br>Active 12/23/2011 Notify<br><br>**Private Counsel 209420**<br>Gary R Greenberg<br>Greenberg Traurig<br>1 International Place<br>20th Floor<br>Boston, MA 02110-<br>Phone: 617-310-6000<br>Fax: 617-310-6001<br>Active 12/23/2011 Notify<br><br>**Private Counsel 552610**<br>Peter Alley<br>Greenberg Traurig<br>1 International Place<br>20th Floor<br>Boston, MA 02110<br>Phone: 617-310-6000<br>Fax: 617-310-6001<br>Active 12/23/2011 Notify |

MASXP-20070813
leakes

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

12/23/2011
05:38 PM

## SUCV2011-04502
## Global Rescue LLC v Muhlner et al

| | |
|---|---|
| **Defendant**<br>Mark Cohon<br>Service pending 12/09/2011 | **Private Counsel 660393**<br>Eric M Gold<br>Greenberg Traurig<br>1 International Place<br>3rd floor<br>Boston, MA 02110<br>Phone: 617-310-6000<br>Fax: 617-310-6001<br>Active 12/23/2011 Notify<br><br>**Private Counsel 209420**<br>Gary R Greenberg<br>Greenberg Traurig<br>1 International Place<br>20th Floor<br>Boston, MA 02110-<br>Phone: 617-310-6000<br>Fax: 617-310-6001<br>Active 12/23/2011 Notify<br><br>**Private Counsel 552610**<br>Peter Alley<br>Greenberg Traurig<br>1 International Place<br>20th Floor<br>Boston, MA 02110<br>Phone: 617-310-6000<br>Fax: 617-310-6001<br>Active 12/23/2011 Notify |

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 12/09/2011 | 1.0 | Complaint & Jury Demand on all Issues |
| 12/09/2011 | | Origin 1, Type A99, Track F. |
| 12/09/2011 | 2.0 | Civil action cover sheet filed($0) |
| 12/09/2011 | 3.0 | Plaintiff Global Rescue LLC's MOTION for appointment of special process server Beacon Hill Research Inc - ALLOWED (Fahey, J) Dated 12/9/11 |
| 12/09/2011 | 4.0 | Plaintiff Global Rescue LLC's MOTION for Preliminary Injunction |
| 12/09/2011 | 5.0 | Plaintiff Global Rescue LLC's MOTION for Short Order of Notice- Allowed. SON to issue. (Fahey, J) Dated 12/9/11 |
| 12/09/2011 | 6.0 | Affidavit of Mark G Spencer |
| 12/09/2011 | 7.0 | Affidavit of Daniel L Richards |
| 12/09/2011 | 8.0 | Plaintiff Global Rescue LLC's Ex Parte MOTION for Temporary Restraining Order - Given the consent to jurisdiction clauses in Bochnowski's Employee Obligation Agreement, in Cohon's Consultant Agreement and in Muhlner's Employee Obligation Agreement, this motion is allowed. See TRO ($90.00 fee paid) (Fahey, J) Dated 12/9/11 |
| 12/09/2011 | 9.0 | TEMPORARY RESTRAINING ORDER: (Fahey, J) Dated December 9, 2011 (See P#9 for complete order) |
| 12/09/2011 | | Upon payment of $90.00 , to Clerk/Magistrate notice to show cause to issue returnable in CTRM 1008 12/20/2011 2:00pm TRO to issue as |

MASXP-20070813
leakes

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

12/23/2011
05:38 PM

## SUCV2011-04502
## Global Rescue LLC v Muhlner et al

| Date | Paper | Text |
|---|---|---|
| | | ordered (Fahey, J) |
| 12/12/2011 | | Fee paid, Summons, order of notice & TRO issued (SeeP#7) |
| 12/19/2011 | | Copy of Petition for Removal to Us Dist Court of defendants (Us Dist #11-cv-12250) |
| 12/19/2011 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

| Date | Session | Event | Result |
|---|---|---|---|
| 12/20/2011 | Civil G, 3 Pemberton Square, | Motion/Hearing: order of notice | Event canceled not re-scheduled |

I HEREBY ATTEST AND CERTIFY ON
Dec. 28, 2011, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

[signature]
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. SUCV2011-4502-G

U.S. Dist #
11-cv-12250

GLOBAL RESCUE LLC,

Plaintiff,

v.

EDWARD MUHLNER, THOMAS BOCHNOWSKI, and MARK COHON,

Defendants.

2011 DEC 19

**NOTICE OF FILING OF NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendants Edward Muhlner, Thomas Bochnowski and Mark Cohon (collectively "Defendants"), have filed the attached Notice of Removal with the United States District Court for the District of Massachusetts on December 19, 2011.

Respectfully Submitted,

EDWARD MUHLNER, THOMAS BOCHNOWSKI, and MARK COHON
By their attorneys,

[signature]

Gary R. Greenberg, BBO # 209420
Peter Alley, BBO # 552610
Eric M. Gold, BBO # 660393
GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts 02110
Tel: (617) 310-6000
Fax: (617) 310-6001
greenbergg@gtlaw.com
alleyp@gtlaw.com
golde@gtlaw.com

I HEREBY ATTEST AND CERTIFY ON
Dec. 28, 2011 THAT THE
FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY. [signature]
Asst. Clerk

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon Counsel for the plaintiffs by U.S. Mail on December 19, 2011.

Eric M. Gold

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
GLOBAL RESCUE, LLC

**DEFENDANTS**
EDWARD MUHLNER, THOMAS BROCHNOWSKI and MARK COHON

(b) County of Residence of First Listed Plaintiff Suffolk
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)* Gary R. Greenberg (BBO #209420); Peter Alley (BBO #552610), Eric M. Gold (BBO #660393) Greenberg Traurig, LLP, One International Place, Boston, MA 02110, (617) 310-6000

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Med. Malpractice

PERSONAL INJURY
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec 1441(a); 28 U.S.C. Sec. 1332(a)(1); 28 U.S.C. Sec. 1331; 18 U.S.C. Sec. 1030(a)(2)(C)
Brief description of cause: Plaintiff asserts claims for breach of contract; breach of the implied covenant of good faith and fair dealing; violation of Mass. Gen. Laws. c. 93 §§42 & 42A; civil conspiracy; replevin; violation of 18 U.S.C. §1030(a)(2)(c)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In excess of $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):* JUDGE DOCKET NUMBER

DATE December 19, 2011
SIGNATURE OF ATTORNEY OF RECORD /s/ Gary R. Greenberg

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Global Rescue LLC v. Edward Muhlner, et al

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

[ ] I. 410, 441, 470, 535, 830*, 891, 893, 894, 895, R.23, REGARDLESS OF NATURE OF SUIT.

[X] II. 110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442-446, 710, 720, 730, 740, 790, 820*, 840*, 850, 870, 871.

[ ] III. 120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 365, 368, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 610, 620, 625, 630, 640, 650, 660, 690, 791, 810, 861-865, 875, 890, 892, 900, 950.

*Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ] NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES [ ] NO [X]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ] NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [ ] NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES [X] NO [ ]

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division [X] Central Division [ ] Western Division [ ]

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division [ ] Central Division [ ] Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

* One Motion Pending - Plaintiff's Motion for a Preliminary Injunction YES [X]* NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Gary R. Greenberg (BBO #209420); Peter Alley, Esq. (BBO #552610); Eric M. Gold (BBO #660393)

ADDRESS Greenberg Traurig, LLP, One International Place, Boston, MA 02110

TELEPHONE NO. (617) 310-6000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL RESCUE LLC,<br>Plaintiff,<br>v.<br>EDWARD MUHLNER, THOMAS BOCHNOWSKI, and MARK COHON,<br>Defendants. | CIVIL ACTION NO. 11-12250 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendants Edward Muhlner, Thomas Bochnowski, and Mark Cohon, hereby petition this Court for the removal of the action. The basis for removal is as follows:

1. On December 9, 2011, Plaintiff Global Rescue LLC filed a Complaint in the Suffolk County Superior Court of the Commonwealth of Massachusetts against Muhlner, Bochnowski, and Cohon, Civil Action No. 11-4502G. Global Rescue asserts claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of fiduciary duty; (4) breach of duty of loyalty; (5) misappropriation of trade secrets in violation of Mass. Gen. Laws c. 93, §§ 42 and 42A; (6) civil conspiracy, (7) replevin; and (8) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), related to the Defendants' prior relationship with GR as employees (Muhlner and Bochnowski) and a consultant (Cohon). Compl. ¶¶ 75-122.

2. In their Complaint, Plaintiffs seek a permanent injunction, double damages, costs, attorneys' fees, and interest, among other relief. *See* Compl. Prayer for Relief.

3. On Friday, December 9, 2011 at 3:45 p.m., Plaintiffs also sought and obtained an *ex parte* Temporary Restraining Order in Suffolk Superior Court enjoining defendants "from prosecuting a separate suit in any other court, including but not limited to the state and federal courts of California, that arises from or involves the same nucleus of facts, controversy, and/or issues raised in the instant suit or that would otherwise interfere with this action." The Temporary Restraining Order further provides that "Defendants are hereby enjoined from obtaining relief in any other court except a federal court in Ma[illegible] that would stay, limit or restrain this Court or restrict plaintiff from prosecuting its claims in this action."

4. By Rule, the *Ex Parte* Temporary Restraining Order expires on December 19, 2011, ten days after it was issued. Mass. R. Civ. P. 65(a); *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 436 (1974) (removal to federal court will not expand state court order).

5. Also on December 9, 2011, Plaintiffs filed a Motion for Preliminary Injunction. A hearing on the Motion was scheduled in the Superior Court for December 20, 2011 at 2:00 p.m.

6. As more fully set forth below, this action is properly removed to this Court under 28 U.S.C. § 1441 & 1453 because Defendants have satisfied the procedural requirements for removal and this Court has both diversity (23 U.S.C. § 1332) and federal question (28 U.S.C. § 1331) jurisdiction over this matter.

## I. <u>Defendants Satisfied The Procedural Requirements For Removal.</u>

7. Plaintiff filed the Complaint on December 9, 2012. Defendant Muhlner was served on December 15, 2011. As of the date of this Notice the other Defendants had not been served. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of the date that Defendants were first served with the Summons and

Complaint.

8. Because this Court embraces the county and court in which Plaintiff filed its Complaint, this action is properly removed. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 101.

9. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Suffolk Superior Court on this date, and a copy of this Notice of Removal is being served on all parties to this lawsuit on this date.

10. A copy of all process, pleadings and orders served upon Defendants accompanies this Notice of Removal as required by 28 U.S.C. § 1446(d). *See* Exhibit A.

11. Pursuant to Local Rule 81.1(a), Defendants will request from the clerk of the Suffolk Superior Court certified or attested copies of all records and proceedings in the state court, and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, and shall file the same with this Court within thirty (30) days after the filing of this Notice of Removal.

12. By filing this Notice of Removal, Defendants do not waive any jurisdictional objections or other defenses that are or may be available to it.

## II. The Court Has Subject Matter Jurisdiction

13. "Any civil action brought in a State court which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the place where such action is pending." 28 U.S.C. § 1441(a).

### A. The Court Has Diversity Jurisdiction

14. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a)(1).

15. Plaintiff Global Rescue LLC is a Delaware limited liability company with its principal place of business in Boston, Massachusetts. Compl. ¶ 1. Defendants are informed and believe that the members of Global Rescue reside in Delaware and Massachusetts.

16. Defendant Muhlner is a resident and citizen of California. *See* Compl. ¶ 2.

17. Defendant Bochnowski is a resident and citizen of California. *See* Compl. ¶ 3.

18. Defendant Cohon is a resident and citizen of Connecticut. *See* Compl. ¶ 4.

19. Because Plaintiff is a citizen of Massachusetts and Delaware and Defendants are citizens of California and Connecticut, there is complete diversity of citizenship as required under 28 U.S.C. § 1332(a)(1).

20. Plaintiff alleges that Defendants "are currently soliciting GR clients and potential clients," "have usurped corporate opportunities away from GR," and "may be soliciting other current or former GR employees." Compl. ¶¶ 65-67.

21. Plaintiff further alleges that Defendants "caused DR to incur considerable expense and distraction from ongoing operations," "caused GR to suffer, and will continue to cause GR to suffer, a loss of revenue," "caused GR to incur other costs related to filling their vacated positions," and caused GR "to commit additional resources (time, attention, and dollars) to address the substantial issues relating to its possible stolen data." Compl. ¶¶ 68-71. Based on these allegations, there is a reasonable probability that the matter in controversy exceeds $75,000.

22. In addition to the claims for actual damages, the Court must also consider plaintiffs' claims for attorneys' fees and "other or further relief," in calculating the amount in controversy. *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 6 (1st Cir. 2001).

**B. The Court Has Federal Question Jurisdiction**

23. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

24. This Court also has original federal question jurisdiction over this case because Plaintiff has alleged a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C) against Defendants Bochnowski and Muhlner in Count VIII of the Complaint.

25. This Court has supplemental jurisdiction over the remainder of the Counts of the Complaint under 28 U.S.C. § 1367 because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

WHEREFORE, Defendants respectfully remove the case pending in the Suffolk Superior Court to this Court.

DATED: December 19, 2011

Respectfully Submitted,

EDWARD MUHLNER, THOMAS
BOCHNOWSKI, and MARK COHON
By their attorneys,

/s/ Gary R. Greenberg
Gary R. Greenberg, BBO # 209420
Peter Alley, BBO # 552610
Eric M. Gold, BBO # 660393
GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts 02110
Tel: (617) 310-6000
Fax: (617) 310-6001
greenbergg@gtlaw.com
alleyp@gtlaw.com
golde@gtlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon Counsel for the plaintiffs by U.S. Mail on December 19, 2011.

/s/ Gary R. Greenberg

1

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, ss. SUPERIORCOURTDEPARTMENT

GLOBAL RESCUE LLC,

Plaintiff,

v.

EDWARD MUHLNER, THOMAS BOCHNOWSKI, and MARK COHON,

Defendants.

11-4502 G

CIVIL ACTION NO. ____

2011 DEC -9 PM 3:05

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

Plaintiff Global Rescue LLC ("GR"), brings this action seeking injunctive relief and damages against two former senior executives, Edward Muhlner ("Muhlner") and Thomas Bochnowski ("Bochnowski"), and a former consultant, Mark Cohon ("Cohon") (collectively, the "Defendants"). As set forth below, this action arises from the Defendants' simultaneous and concerted breach of their contractual and other legal obligations owed to GR stemming from their improper scheme to form a competing company using GR's confidential information, developments, and goodwill. Finally, this action seeks damages associated with the Defendants' apparent taking of data from GR's computer system on or very near to their termination dates and the resulting investigative and forensic analysis costs.

## PARTIES, JURISDICTION AND VENUE

1. GR is a Delaware limited liability company with its principal place of business at 177 Milk Street, Boston, Massachusetts.

2. Upon information and belief, Muhlner is an individual who currently resides at 416-B Washington Boulevard, San Francisco, California.

3. Upon information and belief, Bochnowski is an individual who currently resides at 2091 Bent Creek Drive, San Ramon, California.

4. Upon information and belief, Cohon is an individual who resides at 61 River Road, Weston, Connecticut 06883.

5. The Superior Court has original subject matter jurisdiction over this action pursuant to M.G.L. c. 212, §§ 3-4 and M.G.L. c. 214, § 1. This Court also has jurisdiction over the Defendants pursuant to M.G.L. c. 223A, § 3.

6. This Court also has jurisdiction over this action based on the Defendants' express contractual agreement to submit to the jurisdiction of this Court, and their express waiver to object to the same.

7. Pursuant to M.G.L. c. 223, § 1, venue is proper because GR has a usual place of business in Suffolk County.

8. Venue in this Court is proper under Mass. Gen. Laws ch. 93 § 42 and 42A.

9. Venue in this Court is also proper based on the Defendants' express contractual agreement to submit any disputes arising out of their employment contracts in the state or federal courts of Massachusetts.

## FACTS

**Global Rescue**

10. Founded in 2004, Boston-based GR provides advisory and response services for medical emergencies, security crises, and other urgent and emergency situations, as well as timely advice, stand-by services and travel risk management consultation before situations escalate to emergencies. GR, through its Global Rescue Risk Services ("GRRS") department helps manage client insurance, benefits and risk services and provides consultative services for captive and risk pooling services, including group personal lines, international and expatriate welfare benefits, and reinsurance and risk pooling.

**Tom Bochnowski and Ted Muhlner**

11. In 2008, GR's CEO (Daniel Richards ("Richards")) approached Bochnowski and Muhlner regarding hiring them to work at GR. Bochnowski and Richards were classmates at graduate business school. Bochnowski and Muhlner are brothers-in-law. In 2008 they were working in San Francisco, California, for a company called Tacitum Solutions ("Tacitum"). Tacitum was an investigative and security operations services company, which GR eventually acquired. .

12. On the explicit condition precedent that Bochnowski first agree to relocate to Boston, GR offered him the position of Director of Corporate Accounts. Bochnowski accepted the offer and moved to Boston. After agreeing to relocate, Bochnowski executed an Employee Obligations Agreement ("EOA") on April 16, 2008. On May 3, 2008, Bochnowski executed a second EOA that expressly replaced and superseded the April agreement (the "Bochnowski Agreement"). Bochnowski executed this agreement after he had relocated to Boston,

Massachusetts. A true and accurate copy of the May 3, 2008 Bochnowski Agreement is attached as **Exhibit**.

13. On the explicit condition precedent that Muhlner relocate to Boston, GR offered him the position of Director of Operations. Muhlner accepted the offer and moved to Charlestown, MA. After agreeing to relocate, Muhlner executed an EOA on April 21, 2008 (the "Muhlner Agreement"). A true and accurate copy of the Muhlner Agreement is attached as **Exhibit B.**

14. The agreement by Bochnowski and Muhlner to relocate to Boston was a condition precedent to GR extending an offer of employment, and therefore a condition precedent to the execution of their two agreements. This condition was of such importance to GR that it is emphasized in the offer letters as follows: "You will be based in Boston … to perform the functions stated above. …. *Your employment with the Company* ***is contingent on*** *your moving permanently to Boston.*" (Emphasis added.) This contingency was communicated to both Bochnowski and Muhlner in their offer letters which was the transmittal mechanism for their unsigned agreements, so there is no dispute that they were aware of this contingency ***before*** they signed their agreements.

**Mark Cohon**

15. Richards met Cohon in December 2008, when a personal contact of Richards' from One Beacon Insurance introduced Cohon to him. At the time, Cohon was an employee at American Benefits Consulting ("ABC"), a benefits and insurance consulting firm. Cohon presented himself as someone with experience in employee insurance, benefits and risk services. Cohon and Richards continued to see each other in 2009 at various industry events and shows, and the two became friends.

16. In late 2009, Cohon confided in Richards that he intended to leave ABC and that he wanted to explore whether there was a way in which he could assist GR. Richards and Cohon discussed the possibility of GR developing a new department that would be based around the insurance, benefits and risk-sharing industries and that would successfully integrate into GR's existing services so that GR could offer a more comprehensive package of services to its clients.

17. Further to these discussions, on March 18, 2010, Cohon executed a Consultant Agreement (the "Cohon Agreement"). A true and accurate copy of the Cohon Agreement is attached as **Exhibit C.**

18. At the time Cohon signed his Agreement, GR paid him his expenses while working on behalf of GR and the parties agreed that any other compensation terms would be discussed and formalized at a later date. GR and Cohon agreed to this manner of payment for Cohon's services at Cohon's request, for reasons that are personal to Cohon.

**Agreements At Issue**

19. The Bochnowski Agreement, the Muhlner Agreement, and the Cohon Agreement all attached as Exhibits A, B and C respectively, are identical in all relevant respects.

20. The Bochnowski Agreement and the Muhlner Agreement include the following provision that prohibits disclosure or use of confidential information. The Cohon Agreement includes an identical provision, however the first sentence "During the term of my *employment*" is replaced with "During the term of my *relationship*":

> 3. Confidentiality. I understand and agree that my employment creates a relationship of confidence and trust between me and the Company with respect to (a) all Proprietary Information and (b) the confidential information of others with which the Company has a business relationship. The information referred to in clauses (a) and (b) of the preceding sentence is referred to in this Agreement, collectively, as "Confidential Information." At all times, both during my employment with the Company and after its termination, I will keep in confidence and trust all such Confidential Information, and will not use or disclose any such Confidential Information without the written consent of the Company, except as may be necessary in the ordinary course of performing my duties

> to the Company. The restrictions set forth in this Section 3 will not apply to (i) information which is generally known to the public or in the trade or (ii) which becomes known to third parties or communicated from such third parties other than as a result of a breach by me of this Agreement, unless such knowledge results from an unauthorized disclosure by me, but this exception will not affect the application of any other provision of this Agreement to such information in accordance with the terms of such provision.

21. The Bochnowski Agreement and the Muhlner Agreement include the following provision that prohibits post-employment competition. The Cohon Agreement includes an identical provision, however the first sentence "During the term of my *employment*" is replaced with "During the term of my *relationship*":

> 8. Competitive Activities. During the term of my employment or other similar relationship with the Company, and for a period of two (2) years thereafter, regardless of reason for termination, I will not, directly or indirectly, whether as owner, partner, shareholder, consultant, agent, employee, co-venturer or otherwise, engage, participate or invest in any non-government, private sector business activity anywhere in the world with respect to any services or products currently provided by, or intended to be provided by, the Company, including, without limitation, providing global medical consultation, evacuation, rescue, personnel recovery, travel assistance, telemedicine, security and other services throughout the world (the "Services"). The prohibition set forth in this Section 8 shall not restrict me from owning or holding up to one percent (1%) of the shares of stock of any company registered or sold on any recognized stock exchange or sold in the over-the-counter market. I understand and agree that the restrictions set forth in this Section 8 are intended to protect the Company's reasonable competitive business interests, its interest in its Proprietary Information and established and prospective customer relationships and goodwill, and agree that such restrictions are reasonable and appropriate for this purpose.

22. The Bochnowski Agreement and the Muhlner Agreement include the following provision that prohibits solicitation of customers. The Cohon Agreement includes an identical provision however the first sentence "During the term of my *employment*" is replaced with "During the term of my *relationship*":

> 9. Nonsolicitation of Customers. During the term of my employment or other similar relationship with the Company and for two (2) years thereafter, regardless of reason for termination, I will not, in any capacity, directly or indirectly:
>
> (a) solicit the business or patronage of any Customer for any other person, myself, or any other entity for the purpose of providing Services,

(b) divert, entice, or otherwise take away from the Company the business or patronage of any Customer or prospective customer, or attempt to do so,

(c) solicit or induce any Customer, prospective customer, supplier, prospective supplier, prospective vendor or vendor to terminate or reduce its relationship with the Company,

(d) provide or assist with the provision of Services to a Customer (except in his capacity as an employee of the Company), or

(e) refer a Customer or supplier to another provider of Services.

23. The Bochnowski Agreement and the Muhlner Agreement include the following provision that prohibits solicitation of employees. The Cohon Agreement includes an identical provision however the first sentence "During the term of my *employment*" is replaced with "During the term of my *relationship*":

> 10. Nonsolicitation of Employees. During the term of my employment or other similar relationship with the Company and for two (2) years thereafter, regardless of reason for termination, I will not:
>
> (a) hire or employ, directly or indirectly through any enterprise with which I am associated, any current employee or consultant of the Company or any individual who had been employed by or served as a consultant to the Company within one (1) year preceding my termination, or
>
> (b) recruit, solicit or induce (or in any way assist another person or enterprise in recruiting, soliciting or inducing) any employee, prospective employee, consultant or prospective consultant of the Company to terminate his or her employment or other relationship with the Company or provide services to any entity other than the Company.

24. All three agreements provide that any inventions or developments, as defined by the agreements, are the sole property of GR.

25. All three agreements contain very specific provisions by which the three Defendants unequivocally submit themselves to the jurisdiction of this Court. These provisions also expressly prohibit any of the Defendants from engaging in litigation over issues that arise from or relate to their respective agreements anywhere other than Massachusetts:

> 21. Governing Law; Consent to Jurisdiction. The validity, interpretation, performance and enforcement of this agreement shall be governed by the laws of Massachusetts. The parties hereto hereby irrevocably and unconditionally consent to the sole and exclusive jurisdiction of the courts of Massachusetts and the United States District Court located in Massachusetts for any action, suit or proceeding arising out of or relating to this agreement or the Proposed Transaction, and agree not to commence any action, suit or proceeding related thereto except in such courts. The parties hereto further hereby irrevocably and unconditionally waive any objection to the laying of venue of any action, suit or proceeding arising out of or relating to this agreement in the courts of Massachusetts and the United States District Court located in Massachusetts, and hereby further irrevocably and unconditionally waive and agree not to plead or claim in any such court that any such action, suit or proceeding brought in any such court has been brought in an inconvenient forum. Each of the parties hereto further agrees that service of any process, summons, notice or document by U.S. registered mail to its address set forth above shall be effective service of process for any action, suit or proceeding brought against it in any such court.

**Creating Global Rescue Risk Services**

26. In connection with their creation of GRRS, Cohon and Richards identified and developed this GR growth opportunity together, relying on both of their existing industry knowledge to navigate and succeed in an area which, while built upon both of their experience and knowledge, was a novel approach to the industry for both of them. This new department made business sense because GR's core services are often integrated in a client's insurance, benefits and risk sharing agreements. Cohon contributed his experience and knowledge of the insurance, benefits and risk-sharing industries while Richards contributed his knowledge of how those services could be integrated to meet client needs. Prior to working with GR, Cohon knew nothing of the crisis response, travel assistance and evacuation industry. Richards showed him how the industry functions, how capital flows are processed and how these services can have

significant impacts on a variety of insurance and risk bearing/pooling entities. This department became known as "Global Rescue Risk Services" (referred to herein as "GRRS").

27. Throughout 2009, 2010, and 2011, up until his resignation on November 2, 2011, Cohon and Richards worked closely together to develop the GRRS department. They often spoke several times per week, met with dozens of potential clients and partners and attended tradeshows, including: RIMS (the Risk and Insurance Managers Society annual conference), VCIA (the Vermont Captive Insurance Association annual conference) and IBIS Advisors' International Benefits and Human Resources symposium.

28. As part of their efforts to develop GRRS, Richards and Cohon met with numerous existing and potential GR clients including but not limited to Alcoa, Fidelity Investments, Liberty Mutual, VSE, etc.

29. Cohon regularly represented himself to the market and potential clients as the head of GRRS. The signature block on Cohon's email identified him as working for GRRS.

30. GR devoted substantial resources to creating and printing marketing materials to promote GRRS to clients and potential clients at insurance and risk-services tradeshows and at direct client meetings. Cohon, Bochnowski and other GR employees participated in creating these materials.

31. As their development of GRRS progressed, Cohon became more integrated with GR's sales team, which was led by Bochnowski and included multiple lower-level sales employees.

32. In 2010, as part of the overall strategy to sell services through GRRS, GR devoted substantial resources to create Crisis Services Company ("CSC"), a captive insurance company that provides risk pooling and a vehicle by which clients can share (i.e., "pool") their risk.

33. Over time, GRRS became an established and entrenched branch of GR and was consistently pitched by Cohon and others to GR's clients as a way to provide them with additional cost savings.

34. By the fall of 2011, GRRS provided the following services: manage and consult on client insurance, benefits, and risk services, and provide consultative services for captive and risk pooling services, including group personal lines, international and expatriate welfare benefits, and reinsurance and risk pooling.

**GR's Confidential Information**

35. GR devoted substantial time and resources in developing GRRS. Neither Bochnowski nor Muhlner had any knowledge of travel assistance, crisis response, evacuation, insurance, benefits, or risk industries prior to joining GR. While possessing insurance and benefits background, Cohon did not have background in travel assistance, crisis response, evacuation and the new and unique service offerings that GRRS ultimately provided.GR diverted substantial energy and sales efforts from its core services to those services offered by GRRS. GR spent significant amounts of money on GRRS marketing materials, training, and expenses for Cohon, Bochnowski and other GR employees to attend client meetings and tradeshows.

36. Moreover, Cohon, Bochnowski, and Muhlner possess a significant amount of GR proprietary and confidential information and knowledge as a result of having worked for GR in high-level positions of trust and confidence. They have inside knowledge of the substantial resources, strategy, and decision-making that went into the unique services offered through GRRS. They have detailed knowledge of GR's proprietary databases, documents, client, and vendor relationships. They have been privy to many of GR's current and anticipated client and

vendor agreements. Other specific examples of confidential and proprietary knowledge that they have gained while employed or during their relationship with GR:

a. Intimate working knowledge of vendor or partner relationships and contacts;

b. Sales and marketing strategy for GR's entire organization;

c. Operations strategy for GR's entire organization;

d. Knowledge of overall business planning for the company;

e. Knowledge of all of GR's data sources and contract status for those sources;

f. Knowledge of GR's new data infrastructure;

g. Knowledge of GR's costs and pricing structure;

h. Knowledge of company financial information;

37. Simply put, as Vice President of Sales, Vice President of Operations and the head of the GRRS department, Bochnowski, Muhlner and Cohon had access to much of GR's most sensitive, valuable, confidential, and proprietary information. Should their knowledge of GR's proprietary information, GR's current and prospective client lists, and trade secrets be used by Cohon, Muhlner and Bochnowski to compete against GR in the marketplace GR could be significantly harmed, the value of which could be difficult to ascertain.

**Chronology of Events Leading to Resignations**

38. Beginning sometime in 2010, Richards became aware that Bochnowski's wife was pressuring him to move to California to be closer to their family. Bochnowski's wife was spending significant amounts of time in California, and as a result GR allowed Bochnowski to make regular business trips to California so that he could see her, even though Richards did not always think that these trips made good business sense.

39. On or around the beginning of 2011, Richards made clear to Bochnowski and Muhlner that it did not make business sense for GR to open an office in California for many reasons, including dramatically higher operating costs, the adverse tax structure of the State of California and the management structure of the company. However, Richards did tell Bochnowski and Muhlner about a plan to open an office in New Hampshire because of New Hampshire's dramatically lower operating costs, favorable tax structure, and its proximity to Boston and the management of the company. When Richards initially hired them, they had discussed whether there was potential for GR to ever open a California office. Richards had indicated to them at that time that, if it made business sense in the future, it was a possibility. However, Richards made no promises on the issue of a California office as he could not predict when or even if the need for a California office would ever arise.

40. Throughout the spring and early summer of 2011, Richards had numerous separate conversations with Bochnowski and Muhlner regarding the future of GR and their individual commitments to the company as the company continued to grow. They repeatedly pressed to be promoted and given Vice President titles. However, Richards had concerns about their ability to lead and manage effectively because certain parts of GR had experienced employee turnover and morale issues under their leadership. Additionally, given Richards's knowledge of the desire of Bochnowski's wife to move to California, he was concerned about their long-term commitment to GR. Nevertheless, Richards wanted to reward them for their efforts over the past three years. For example, Richards hired a Sales Director with a significantly greater track record than Bochnowski, Tiger Shaw, to work under Bochnowski even though Shaw had successfully started and sold his own company and had many more years of

relevant sales and management experience than Bochnowski. Richards put Shaw under, and not above, Bochnowski as a sign of his loyalty to and appreciation for Bochnowski.

41. In conversations during this time, Richards asked Bochnowski and Muhlner directly if they were committed to GR and would commit to living in Boston. Because Richards knew that Bochnowski's wife was unhappy in Boston, Richards offered him the opportunity to work out of the future New Hampshire office if that would make his personal life better, even though that would not be the best outcome for the company because GR's sales staff is located in Boston. Richards made clear to them that if they were committed to GR and to living on the east coast for a significant period of time (Richards's expectation based on these conversations was at least five years) then he would promote them each to Vice President.

42. Upon information and belief, it was around this same time – late spring/early summer of 2011 – that the Defendants began active and secret planning to leave as a group and form a competing business based on the unique GRRS model developed by Richards and Cohon.

43. At some time in June 2011, Bochnowski and Muhlner gave Richards separate commitments that they were committed to GR and living in the Boston area. Bochnowski told Richards that he and his wife were looking into buying a house in Winchester, Massachusetts. Muhlner had always told Richards, and reconfirmed, that he and his wife enjoyed Boston and that, because his wife had recently received a job offer in Boston, they would remain in the Boston area and that he was committed to working for GR.

44. As it is now abundantly clear, both Bochnowski and Muhlner were lying to Richards when they expressed a desire to commit to GR and staying in the Boston area. They lied in order to extort additional money and a loftier title out of GR in furtherance of launching their competing business.

45. In reliance on those false expressions of commitment to GR, Richards agreed to promote them to a Vice President position, agreed to pay them each a $20,000 mid-year bonus, and agreed to raise their base salary from $110,000 to $130,000 per year. On more than one occasion, Richards and Bochnowski/Muhlner shook hands in congratulations, as did Stuart Richards, GR's Senior Vice President, and Melissa Roth, GR's Vice President and General Counsel.

46. On Sunday, July 24, 2011, Richards sent a company-wide email announcing the promotions of Bochnowski and Muhlner.

47. On Friday, July 29, 2011, the $20,000 bonuses were transferred into Bochnowski's and Muhlner's individual bank accounts.

48. On Monday, August 1, 2011, after the money hit their accounts, Bochnowski and Muhlner came into Richards's office together and both resigned. They told Richards that over the weekend their wives forced them to move to California. Bochnowski said that he wanted to be fair and to help the company, so he thought a two-week notice period was reasonable. Richards was shocked by their resignation, which was a complete reversal of what they had committed to only a few weeks before. While they paid lip service during their resignation to being committed to helping GR transition in the wake of the coordinated departure, they were insistent upon their need to meet the two-week departure deadline, despite their previous oral representations that they were going to stay at GR for the long term.

49. Stuart Richards, Melissa Roth and Richards spent the next few evenings negotiating with Bochnowski and Muhlner to create a transition plan through the end of 2011 and possibly for them to act in consultant roles through 2012. Bochnowski and Muhlner made clear that they did not want to be considered employees of GR but that they wanted to have their

titles to be "consultant" immediately. They did not tell GR why they wanted that title, but GR now realizes that it was because they are acting as consultants in their new competing business.

50. On August 9, 2011, Richards gave Bochnowski and Muhlner separate Separation Agreements that he believed were a good faith effort to memorialize the terms that everyone agreed to in the negotiations. On August 11, 2011, at 9:41pm and 9:57pm respectively, Muhlner and Bochnowski sent Richards separate but identical emails including their resignation letters and each stating that the agreement "does not reflect the good faith discussions and negotiations…and I have concluded based on your proposed draft agreement that we will be unable to reach any agreement with you on the terms that would be acceptable." At no point before this did they bring up any issues with the agreement or try to further negotiate the terms. Richards emailed them back and stated "Your accusation that we have negotiated with you in bad faith is perplexing since it appears the agreement we sent you represents all of the things we discussed. If there were issues you had with the document, good faith on your part would have resulted in a discussion regarding those issues. I'm disappointed that this didn't happen and frankly don't understand. However, your motives are your own and it isn't for me to know them. I am open to further discussion if that is what you would like…."

51. The last day that Bochnowski and Muhlner worked at GR was August 15, 2011. However, Bochnowski and Muhlner asked Richards if they could come into the office on August 16, 2011 to pick up some final items and to drop off their laptop computers and Blackberry mobile devices. Richards consented and asked them to come in near the close of business hours.

52. A few days after their last day at GR Richards spoke with Cohon about the resignations. At no point did Cohon inform Richards that he, Bochnowski and Muhlner had been planning on starting a business that would offer the same services as GR. Moreover, in the

days following Bochnowski's and Muhlner's last day at GR, Cohon told Richards that he connected Muhlner with a company in California that was looking to hire a Chief Security Officer. Richards also asked Cohon to inform him of any contact he had with Bochnowski and Muhlner and he told Richards that he would.

53. As far as Richards knew at this point, Cohen was still acting in GR's interest as its agent. He was very wrong.

54. Cohon continued to lead GRRS after Bochnowski's and Muhlner's resignation.

55. On October 21, 2011,Richards sent Cohon a Partner Agreement, a Stock Option Agreement and a Consultant Agreement (at the time Richards could not locate the Consultant Agreement that he had signed and that is attached as Exhibit C). Richards and Cohon were coming close to closing their first deals on behalf of GR, so they began negotiating his compensation agreement per their previous agreement.

56. Richards spoke with Cohon after Cohon reviewed the proposed agreements, which, among other things, required him to disclose his other business activities. Cohon specifically stated that he did not want to disclose his other activities and the flow of funds for potential deals. Richards told him that in order for them to continue to work together, they needed to be able to trust each other and understand how each deal was structured. The only way to do this was through disclosure of all parties to a deal.

57. On Sunday, October 30, 2011, Cohon mistakenly exposed his, Bochnowski's and Muhlner's secret conspiracy. Cohon (apparently by accident) forwarded an email from his AOL web mail account to Bochnowski's old GR email address, which was captured by the GR email server. The email was from mbcohon@aol.com to tmuhlner@univops.com and tbochnowski@globalrescue.com. The email's subject was "Fwd: What's new to Costco

Services!" Cohon wrote in the email "Looks like we're in competition with Costco. They perform payroll as well." Having had no previous indication that GR's two former employees and current consultant had gone into business together, Richards was extremely surprised by this email. The timing of this apparently accidental mis-sent email is important. Cohon sent it at 10:59 p.m. Sunday evening.

58. On Monday, October 31, 2011, the Defendants and their new company called Universal Operations and Risk Management, LLC ("UnivOps") filed suit against GR in the Superior Court of the state of California for the county of San Francisco. In their suit, the defendants seek a declaratory judgment against GR. To date, GR has not received a copy of this initial complaint.

59. Defendants and UnivOps apparently were so incredibly concerned about the inadvertent disclosure of their business relationship with each other that they ran into a California court ***within 16 hours*** of the email's sending time. It is important to note that GR did not even see the email until the morning of October 31, 2011, and GR did not contact any of the Defendants about it prior to their commencing the lawsuit.

60. On Wednesday, November 2, 2011, with no awareness that Cohon had just filed suit against GR, Richards spoke with Cohon on the phone. Richards told him that he knew that Cohon was working on something with Bochnowski and Muhlner and that he wanted to know what was going on. Richards asked him if they were partners. Richards asked him when they began to work together. Richards told him that he had a right to know this information and that, because he was still a consultant to GR, he had a duty of good faith and loyalty to him and GR, in addition to contractual obligations. Richards told him he wanted the truth. Cohon did not tell Richards that he, Bochnowski and Muhlner had formed a company. Cohon did not tell Richards

that he had already filed a lawsuit against GR on Monday. Cohon did tell Richards that he did not start to work with Bochnowski and Muhlner until after they left GR, which Richards learned later was not true. Richards asked Cohon to send him in writing, when he, Bochnowski and Muhlner started to work together and what they were doing together. Richards reminded Cohon that he, Bochnowski and Muhlner all signed agreements that gave GR rights and that GR intended to protect those rights. Cohon asked for a copy of his signed Consultant Agreement. At the end of the conversation, Richards emailed Cohon a copy of the agreement. Ex. C.

61. On Thursday, November 3, 2011, Cohon sent Richards an email terminating his consulting relationship with GR. It reads: "Dan, After consideration of our call yesterday afternoon, I will not be providing any more consulting services to Global Rescue now or in the future. I have appreciated our past relationship and have enjoyed working with you. With respect to your request for information regarding my business activities with Ted and Tom, please send a written request for the information you are seeking, and I will ensure a timely response (although I cannot commit that the specific information you may request can or will necessarily be provided). Thank you, Mark Cohon."

62. On Friday, November 4, 2011, a messenger showed up at GR's front door and delivered Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief filed in the superior court of the state of California for the county of San Francisco in the following case – *Universal Operations Risk Management, LLC, Edward Muhlner, Thomas Bochnowski and Mark Cohon's vs. Global Rescue LLC and DOES 1 through 10, inclusive.* On Tuesday, November 8, 2011, Richards was served with a certified copy of the same by certified mail.

**Cohon, Bochnowski and Muhlner's Violations of their Agreements with GR**

63. After being served with Plaintiffs' First Amended Complaint, Richards instructed GR's Information Technology Department ("IT") and outside computer forensic consultants to perform searches on emails sent or received by the Defendants and to conduct a search on both Bochnowski's and Muhlner's laptops. GR also discovered that removable drives capable of holding vast amounts of electronic data were attached to these computers and that there was significant document activity on the day of and in the days leading up to Bochnowski's and Muhlner's separation from GR. In addition, GR learned that both Blackberry devices were returned without the SD memory cards that had been installed in the devices and Bochnowski's device was returned without any data at all.

64. Although the Cohon Agreement requires that Cohon return his laptop immediately at termination or resignation (which was November 3, 2011) GR did not receive his laptop until December 2, 2011, after multiple requests. Cohon claims the delay in sending GR the laptop resulted from his having daughter spilled a soft drink on it. GR received notification of this spillage in a letter dated November 21, 2011. Strangely, when GR received the bubble wrapped laptop on December 2, 2011, more than two weeks after the reported spillage, the computer appeared to have been drenched in liquid and was still very wet. According to the UPS shipment slip, the computer had been shipped overnight on December 1, 2011. The liquid had a vinegary odor inconsistent with that of a soft drink and evaporated quickly after opening, indicating that the laptop had either been kept wet for a long period of time and/or had been doused after the November 21st notice letter date. Richards opened the computer in the presence of Melissa Roth, who can attest to the amount of liquid that dripped from the machine. GR also took pictures of the wet computer.

65. GR has learned that that Cohon, Bochnowski and Muhlner have been and are currently soliciting GR clients and potential clients on behalf of UnivOps, in violation of paragraph 9 of their respective Agreements.

66. Upon information and belief, Defendants have usurped corporate opportunities away from GR and directed them to their new entity UnivOps.

67. Plaintiffs' First Amended Complaint states that Cohon is the President of UnivOps and Bochnowski and Muhlner are Vice Presidents of UnivOps. In planning this new and competing enterprise while still affiliated with or employed by GR, the three Defendants necessarily solicited each other to leave GR. They have therefore violated the employee non-solicitation provision of their agreements. Upon information and belief, GR reasonably fears that the Defendants may be soliciting other current or former GR employees as well.

68. Defendants' abrupt departures and the current and ongoing investigation into the departures and related activities of the Defendants has caused GR to incur considerable expense and distraction from ongoing operations. GR has devoted substantial employee time to its investigation, as well as more than $5,000 spent on a forensic computer expert.

69. The loss of Bochnowski and Muhlner has caused GR to suffer, and will continue to cause GR to suffer, a loss of revenue.

70. The loss of Bochnowski and Muhlner has caused GR to incur other costs related to filling their vacated positions.

71. As this case has developed, GR has been required to commit additional resources (time, attention, and dollars) to address the substantial issues relating to its potentially stolen data. This process is still underway, and GR continues to incur additional expense in connection

with its investigation of the Defendants' conduct and misappropriation of its trade secrets, confidential and proprietary information.

**UnivOps Competes With GR**

72. Plaintiffs' First Amended Complaint alleges that "UnivOps is a limited liability company that manages client insurance, benefits and risk services, and provides expert consultative services for three main captive and risk pooling services: group personal lines, international and expatriate welfare benefits, and reinsurance and risk pooling."

73. The services that UnivOps offers are in direct competition with the services that GR, through GRRS, offers its clients, in violation of Paragraph 8 of the Defendants' agreements.

74. Upon information and belief, UnivOps offers services that are virtually identical to services offered by GR that were offered by Bochnowski, Muhlner and Cohon on behalf of GR. The allegations in the California action concerning UnivOps indicate that the company is competing with GR. Indeed, based on a review of the California declaratory judgment action, it does appear that UnivOps offers services that are virtually identical to services offered by GR.

**CLAIMS**

**COUNT I**
**Breach of Contract**
**(Against All Defendants)**

75. GR realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 74 above.

76. All three Agreements attached to this Complaint contain restrictive covenants.

77. The restrictive covenants are intended and necessary to protect GR's legitimate business interests in its goodwill and confidential information.

78. The restrictive covenants are reasonably drawn in time and geographic scope to protect these interests.

79. The three Agreements are a valid and enforceable contract between GR and each Defendant.

80. The Defendants, by their conduct in conspiring to form a competing business while still employed by or affiliated with GR have breached their noncompete obligations.

81. The Defendants, by their conduct in conspiring to leave GR to form a competing business have breached their nonsolicitation obligations.

82. Upon information and belief, the Defendants continue to wrongfully retain GR's confidential data and other documents and company property, and they have copied some or all of the electronic data onto other computers or devices in violation of their nondisclosure obligations.

83. Upon information and belief, the Defendants have wrongfully utilized or disclosed, or at a minimum will inevitably utilize or disclose, GR's confidential information in the course of their employment by UnivOps.

84. As a result of the Defendants' breaches of the restrictive covenants, GR has sustained and stands to suffer irreparable injury. GR has no adequate remedy at law since the damages it suffered, and will continue to suffer, in connection with the divulgence of confidential information, by the loss of competitive advantage, goodwill, customers, and revenue is incalculable and irreparable.

85. Accordingly, a permanent injunction compelling the Defendants' specific performance with the restrictive covenants contained in their respective agreements is the only remedy that will afford GR meaningful and immediate relief.

86. As a result of the Defendants' breach of their contractual obligations, GR has suffered, and will continue to suffer, substantial damages, to be determined by a jury.

**COUNT II**
**Breach Of The Implied Covenant Of Good Faith And Fair Dealing**
**(Against All Defendants)**

87. GR realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 86 above.

88. Defendants, through their actions set forth above, including the data theft, wrongful retention of data, secretly forming a competing business while still affiliated with GR, and blatantly soliciting the joint extraction of each other, utilizing misrepresentation to extort a bonus and higher title out of GR, have breached the implied covenant of good faith and fair dealing that is implied into their agreements with GR, as a result of which GR has been and will continue to be significantly harmed.

89. Defendants are liable to GR for all damages GR sustained as a result of their breach of the implied covenant of good faith and fair dealing.

**COUNT III**
**Breach of Fiduciary Duty**
**(Against All Defendants)**

90. GR realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 89 above.

91. Bochnowski's and Muhlner's positions at GR created a confidential relationship between GR and them. Likewise, Cohon's consultancy relationship with GR created a confidential relationship between GR and him.

92. In their respective positions, the Defendants had the confidence of GR, were agents of GR, and were bound to act in good faith, and in the interests of GR.

93. Defendants, through their actions set forth above, including the data theft, wrongful retention of data, secretly forming a competing business while still affiliated with GR, and blatantly soliciting the joint extract of each other, utilizing misrepresentation to extort a

bonus and higher title out of GR, have breached the implied covenant of good faith and fair dealing that is implied into their agreements with GR, as a result of which GR has been and will continue to be significantly harmed.

94. As a result of the Defendants' breach of their fiduciary duty, GR has suffered, and will continue to suffer, substantial damages, to be determined by a jury.

**COUNT IV**
**Breach of Duty of Loyalty**
**(Against All Defendants)**

95. GR realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 94 above.

96. By engaging in the conduct described above, the Defendants have breached the duty of loyalty owed by him to GR.

97. By engaging in the conduct described above, the Defendants have breached their duty to preserve confidential and other proprietary information that they learned while employed at GR.

98. As a result of the Defendants' breach of their duty to preserve confidential and other proprietary information of GR, GR has sustained and stands to suffer irreparable injury. GR has no adequate remedy at law since the damages it suffered, and will continue to suffer, in connection with the divulgence of confidential information, by the loss of competitive advantage, goodwill, customers, and revenue is incalculable and irreparable.

99. Accordingly, GR is entitled to a permanent injunction compelling the Defendants' compliance with their ongoing obligation to preserve confidential and other proprietary information of GR to afford GR meaningful and immediate relief.

100. Defendants' breach has caused and is continuing to cause GR irreparable harm, the continued risk of irreparable harm, and monetary damages.

**COUNT V**
**Misappropriation of Trade Secrets**
**in Violation of Mass. Gen. L. c. 93, §§ 42 and 42A**
**(Against All Defendants)**

101. GR realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 100 above.

102. Defendants, upon information and belief, through the conduct described above and additional conduct which GR expects to uncover through the discovery process, misappropriated, with the intent to convert to their own use, GR's trade secrets and confidential information.

103. Upon information and belief, Defendants has used and/or disclosed GR confidential information.

104. Defendants have no rightful claim of interest in GR's trade secrets and confidential information.

105. GR takes reasonable precautions to preserve its trade secrets and confidential information.

106. The actions of Defendants are causing irreparable harm and/or threaten to cause irreparable harm to GR which is not compensable through money damages.

107. Defendants' actions have damaged GR. Defendants are liable to GR, including double damages.

**COUNT VI**
**Civil Conspiracy**
**(Against All Defendants)**

108. GR realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 107 above.

109. By engaging in the foregoing conduct, including but not limited to the Defendants' secret plan to form a competing business while still employed by or affiliated with GR, and doing so with full knowledge of each other's actions, the Defendants entered into an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

110. The Defendants' actions have resulted in actual damages to GR in an amount to be determined at trial.

**COUNT VII**
**Replevin, Mass. Gen. L. ch. 247, § 7**
**(Against All Defendants)**

111. GR realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 110 above.

112. Upon information and belief, the Defendants, both during their employment at and/or their agency relationship with GR and in connection with their departure from GR, unlawfully copied trade secrets and other confidential data from GR's computers.

113. Upon information and belief, the Defendants currently possess numerous confidential documents owned by GR on other data storage devices.

114. GR has a right to immediate possession of such property, the value of which exceeds the statutory minimum ($20.00).

115. The Defendants' continued possession of GR's confidential property is wrongful, and they should be compelled to return it immediately.

**COUNT VIII**
**Computer Fraud and Abuse Act**
**(Against Bochnowski and Muhlner[1])**

116. GR realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 115 above.

117. 18 U.S.C. § 1030(a)(2)(C) of the Computer Fraud and Abuse Act prohibits the intentional accessing of a protected computer and obtaining information without authorization.

118. Bochnowski's and Muhlner's authorization to have access to GR's computers ended when they began acting for the benefit of, and/or as agent of, their new and/or future employer.

119. Bochnowski's and Muhlner's authorization to have access to GR's computers ended when, without the knowledge of GR, they acquired interests adverse to GR.

120. Bochnowski's and Muhlner's authorization to have access to GR's computers ended when, without the knowledge of GR, they breached their fiduciary duty and duty of loyalty to GR and breached their contracts (described above) with GR.

121. Bochnowski and Muhlner acted without authorization and/or exceeded their authorized access to GR's computers within the meaning of 18 U.S.C. § 1030(c) when, acting for the benefit of themselves and/or UnivOps, with interests adverse to GR and/or in breach of their duty of loyalty to GR and their contractual obligations, they obtained information in their computers and, upon information and belief, removed said information from GR's premises that they were not entitled to obtain and remove.

---

[1] *N.B.* – At the time of filing this complaint, GR's analysis of the liquid soaked laptop of Cohon had not been completed. Upon information and belief, GR expects to find that Cohon's laptop contains similar evidence found on the laptops of Bochnowski and Muhlner concerning the improper use of portable storage devices. GR will likely amend this count after its analysis of the Cohon laptop is complete.

122. As a result of Bochnowski's and Muhlner's misconduct, GR has been damaged by an amount in excess of $5,000 to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, GR respectfully requests that the Court grant the following relief:

1. injunctive relief;
2. judgment on Counts I through VIII;
3. damages in an amount to be determined at trial;
4. double damages;
5. costs, reasonable attorneys' fees, and interest; and
6. such other relief as the Court deems just and proper.

## JURY DEMAND

GR hereby demands a trial by jury on all claims raised in its Complaint that are so triable.

Respectfully submitted,

**GLOBAL RESCUE LLC**

By its attorneys,

Mark M. Whitney (BBO #637054)
mwhitney@morganbrown.com
Christopher S. Feudo (BBO #670499)
cfeudo@morganbrown.com
Nicole S. Corvini (BBO #670587)
ncorvini@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
Phone (617) 523-6666
Fax (720) 293-9696

I HEREBY ATTEST AND CERTIFY ON
Dec. 28, 2011, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY.
Asst. Clerk

Dated: December 9, 2011

2

**CIVIL ACTION COVER SHEET** | SUPERIOR COURT DEPARTMENT | COUNTY OF | DOCKET NO.

| | |
|---|---|
| PLAINTIFF(S) Global Rescue LLC | DEFENDANT(S) Edward Mubliner, Thomas Borbnowski, and Mark Cohen |
| Plaintiff Atty Mark M. Whitney | Type Defendant's Attorney Name |
| Address Morgan, Brown & Joy, LLP 200 State Street, 11th Floor | Defendant Atty Todd R Wulffson |
| City Boston State MA Zip Code 02109 | Address Greenberg Traurig, LLP 3161 Michelson Dr. Suite 1000 |
| Tel. 617 523 6666 BBO# 632054 | City Irvine State CA Zip Code 92612 |

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Employment Agreement/ Restrictive Covenants | F | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses $
2. Total doctor expenses $
3. Total chiropractic expenses $
4. Total physical therapy expenses $
5. Total other expenses (describe) $

Subtotal $

B. Documented lost wages and compensation to date $
C. Documented property damages to date $
D. Reasonably anticipated future medical expenses $
E. Reasonably anticipated lost wages and compensation to date $
F. Other documented items of damages (describe) $ In excess of jurisdictional amount

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Total $

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Breach of restrictive covenants

TOTAL $ In excess of jurisdictional amount

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record [signature] Date: 12/9/11

A.O.S.C. 3-2007

I HEREBY ATTEST AND CERTIFY ON Dec. 28, 2011, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]
Asst. Clerk

3

**COMMONWEALTH OF MASSACHUSETTS**

**SUFFOLK, ss.** **SUPERIOR COURT DEPARTMENT**

GLOBAL RESCUE LLC,

Plaintiff,

v.

EDWARD MUHLNER, THOMAS BOCHNOWSKI, and MARK COHON,

Defendants.

11 4502 G

CIVIL ACTION NO. ______________

allowed, Fahey, J. 12/9/11
attest: Russell V Marcato Jr
asst clerk

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

In accordance with the provisions of Mass. R. Civ. P. 4(c), Plaintiff Global Rescue LLC ("GR") hereby moves that this Court appoint Beacon Hill Research, Inc. ("Beacon Hill Research"), located at 2 Park Plaza, Suite 409, Boston, Massachusetts, as special process server in the above-entitled action.

The undersigned swears that, to the best of their knowledge and belief, the persons employed by Beacon Hill Research are experienced in the service of process, are 18 years of age or older, and are not parties to the action.

Respectfully submitted,

**GLOBAL RESCUE LLC**

By its attorneys,

Mark M. Whitney (BBO #637054)
mwhitney@morganbrown.com
Christopher S. Feudo (BBO #670499)
cfeudo@morganbrown.com
Nicole S. Corvini (BBO #670587)
ncorvini@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
Phone (617) 523-6666
Fax (720) 293-9696

I HEREBY ATTEST AND CERTIFY ON Dec. 28, 2011, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By: Asst. Clerk

Dated: December 9, 2011

## CERTIFICATE OF SERVICE

I, Christopher S. Feudo, hereby certify that a true and accurate copy of the above document was served by Federal Express with a courtesy copy sent via e-mail to wulffsont@gtlaw.com on this 9th day of December upon the following:

Todd R. Wulffson
GREENBERG TRAURIG, LLP
3161 Michelson Drive, Suite 1000
Irvine, CA 92612

Christopher S. Feudo