UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL RESCUE LLC,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD MUHLNER, THOMAS BOCHNOWSKI, and MARK COHON,<br><br>Defendants. | Case No. 1:11-cv-12250-MLW |

**JOINT REPORT ON STATUS OF CALIFORNIA ACTION**

In accordance with this Court's June 29, 2012 Order, Plaintiff Global Rescue LLC ("GR") and Defendants Edward Muhlner, Thomas Bochnowski, and Mark Cohon ("Defendants") (together, the "Parties") respectively submit this joint report on the status of the litigation pending in the United States District for the Northern District of California captioned *Universal Operations Risk Management, LLC, et al. v. Global Rescue LLC, et al.*, C.A. No. 11-cv-05969 (filed October 31, 2011) (the "California Action"). The Parties jointly report as follows:

**A. The California Action**

On July 9, 2012, the United States District for the Northern District of California dismissed the California Action. A copy of the Court's Order Granting Motion to Dismiss and Denying Alternative Request to Transfer or Stay is attached hereto as **Exhibit A**.

On July 20, 2012, GR filed a Motion for Award of Attorney's Fees in the California Action (the "California Motion") seeking to enforce a provision of the Plaintiff's agreements with Defendants. Defendants' opposition to the California Motion is due on August 3, 2012.

Plaintiff's Statement.

The Northern District of California has dismissed the California Action in its entirety, noting that Defendants had no legal authority for their position that the "first-to-file" rule somehow trumped the mandatory forum selection clauses contained in each of Defendants' contracts with Global Recue (the "Global Rescue Contracts"). *See* Exhibit A. More specifically, the Court noted that "Plaintiffs do not dispute that the claims alleged in the FAC[1] fall within the scope of the forum selection clause contained in the individual Plaintiffs' agreements or that the clause contains mandatory language exclusively choosing Massachusetts as the forum for litigating the claims alleged in the FAC. Instead, they contend that dismissal of this action is inappropriate based on the first-to-file rule." *Id*. at p. 7. In ruling against Defendants, the Court found that they "failed to cite to any authority supporting the proposition that a party may defeat an otherwise valid and enforceable mandatory forum selection clause by invoking the first-to-file rule" and the Court could locate none. *Id*. at p. 8. By its Order, this Court completely denied any relief to Defendants in the California Action.

Based on the Court's ruling, GR filed the California Motion on Friday, July 20, 2012. The Court referred the attorneys' fees and costs motion to Magistrate Judge Elizabeth D. Laporte for report and recommendation on Monday, July 23, 2012. Each of the Global Rescue Contracts contain mutual "prevailing party" provisions stating clearly that the prevailing party is entitled to attorneys' fees when they prevail on any "legal action" relating to the contracts for Defendants Muhlner and Bochnowski and in "any action to enforce this Agreement" for Defendant Cohon.

As set forth below, counsel for the Massachusetts Defendants (and the California Plaintiffs) is apparently seeking to further delay the Massachusetts case -- which has already been delayed seven months -- by claiming that Global Rescue's pursuit of the ancillary issue of

[1] First Amended Complaint.

fees and costs in California after dismissal of the California Action somehow amounts to a new consent to jurisdiction in California. The appropriate venue for the collateral issues raised in the California Fees Motion is the Northern District of California, because the California Action has been pending before that Court since December 5, 2011 and the Court is most familiar with the proceedings before it. *Moore v. Permanente Medical Group, Inc*., 981 F.2d 443, 445 (9th Cir. 1992) (district court retains jurisdiction to entertain plaintiffs' motion for attorney fees after remand of case to state court because an award of attorneys' fees is "a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits"); *Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 481 (9th Cir. 1989) (stating that a bankruptcy court retains jurisdiction "to dispose of ancillary matters such as an application for an award of attorney's fees for services rendered in connection with the [dismissed] underlying action"); *Cooley Construction, Inc. v. North American Construction Corp*., 1995 WL 3973, *1 (10th Cir. Jan. 4, 1995) (district court retains jurisdiction to determine movant's attorneys' fees application notwithstanding grant of motion to dismiss based on improper venue); *Wisdom v. Centerville Fire Dist., Inc.*, 2010 WL 468094, *2 (D. Idaho Feb. 4, 2010) (district court retains jurisdiction for the limited purpose of considering a collateral petition for an award of attorney fees following dismissal of the action pursuant to a motion for summary judgment); *Barton v. Sewell*, 2008 WL 2725505, *2 (E.D. Wash. July 11, 2008) (district court retains jurisdiction for the limited purpose of determining whether the defendants are entitled to costs and attorney's fees following dismissal of complaint for lack of personal jurisdiction); *PNEC Corporation v. Meyer*, 190 Cal. App. 4th 66, 73 (2010) (affirming trial court's award of attorney fees for "the work done while the case was under [the trial court's] jurisdiction" following dismissal on forum non conveniens grounds). GR is seeking its fees and costs, in part, based on Defendants' actions

unnecessarily escalating fees spent by both parties in the California Action, including, but not limited to, filing a "Motion for Leave to File Second Amended Complaint" just seven business days before the scheduled hearing on GR's Motion to Dismiss, in a thinly-veiled effort to delay the California proceedings. The Court ultimately disregarded Defendants' motion by dismissing it outright, but GR was nevertheless required to bear the expense of opposing it.

A federal district court has broad discretion to award attorneys' fees and costs. *See* Fed. R. Civ. P. 54(d); *Gluck v. American Protection Industries, Inc.*, 619 F. 2d 30, 32 (9th Cir. 1980) ("It is well settled that an award of attorneys' fees is a matter within the discretion of the district court, and that an award of attorneys' fees cannot be disturbed on appeal absent a showing of abuse of discretion"); *Gates v. Deukmejian,* 987 F.3d 1392, 1398 (9th Cir.1992) (stating that the district court has a great deal of discretion in determining the reasonableness of a fee and the Court of Appeals will generally defer to its findings). The Northern District of California and other Circuits have granted attorneys' fees awards on motions to dismiss in substantially similar scenarios. *See, e.g., David Mostny v. Winnie Papir*, 3:03-cv-00509-MEJ (N.D. Cal., May 27, 2004) (granting party's motion for award of attorneys' fees based on contract following grant of 12(b)(3) motion for improper venue); *Cooley Construction, Inc. v. North American Construction Corp.*, 46 F.3d 1151, *1-2 (10th Cir. 1995) (reversing district court's denial of attorneys' fees application following grant of motion to dismiss based on improper venue). In the foregoing cases, the Court awarded reasonable fees and costs to the prevailing party without otherwise retaining jurisdiction over the case. *Id.* In none of these cases did a court reverse its previous dismissal of an action based on a simple procedural attorneys' fees and costs motion.

Defendants have long argued, without any legal authority, that the "first-to-file" rule trumps their mandatory forum selection clause provisions and they should thus be permitted to

pursue litigation in California. The Northern District of California rejected Defendants' arguments outright. Similarly, Defendants now argue, without any legal authority, that because GR is pursuing its basic procedural right to attorneys' fees and costs motion in the California forum that all matters must proceed in California, contrary to the Northern District of California's crystal clear order of dismissal and the weight of U.S. Supreme Court Authority holding that mandatory forum selection clause provisions must be enforced. *The Bremen v. Zapata Off-Shore Company*, 407 U.S. 1 (1972); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991). This Court should similarly reject Defendants' unsupported arguments outright.

Defendants' Statement. Despite Plaintiff's argument that all claims arising out of Plaintiff's agreements with Defendants must be adjudicated in Massachusetts, Plaintiff has now filed, in the Northern District of California, a motion seeking to enforce a provision of those very agreements. Plaintiff's request for affirmative relief in California is wholly inconsistent with its assertion that California courts lack jurisdiction over GR and will, at a minimum, result in further briefing and a hearing in the California Action. *See Beneficial Holdings, Inc. v. CVS Pharm.*, 2006 WL 288424 (D. Utah 2006) (holding that defendant, who had successfully moved for dismissal based on a forum selection clause, was judicially estopped from seeking contractual attorney fees from that court); *accord*, *Harbor Watch Dev., LLC v. Summit Fin. & Inv. Grp., LLC*, 2009 WL 5196141, at *5 (W.D. Mich. 2009); *Tradex v. Global Master Fund SPC Ltd. v. Palm Beach Capital Mgmt., LLC*, 2010 WL 3323750, at *4 (S.D. Fla. 2010); *see also BioCapital LLC v. Biosystem Solutions, Inc.*, 2009 WL 1815056, at *7 (Conn. Super. Ct. June 1, 2009) ("This finding, however, would require the court to interpret a contract which, for the

aforementioned reasons, it declines to exercise jurisdiction over. The court, therefore, declines to exercise jurisdiction over this claim as well").[2]

Moreover, Defendants intend to argue in their opposition and, by way of cross-motion or otherwise, that Plaintiff has consented and/or waived any objection to jurisdiction in California by virtue of Plaintiff's request for affirmative relief under the agreements. Defendants maintain that if Plaintiff may enforce provisions of the agreements in federal court in California, Defendants should also have the opportunity to assert their claims against Plaintiff in that forum.

**B. Arbitration**

Arbitration is currently pending between Global Rescue Corp. (an entity related to GR), on the one hand, and Defendants Edward Muhlner and Thomas Bochnowski, on the other hand, concerning certain rights and obligations under a stock purchase agreement. The arbitration hearing is scheduled to start at JAMS on July 30, 2012 and is expected to be completed on or before August 2, 2012.

**C. Stay of this Action**

Plaintiff's Statement. In light of the dismissal of the California Action and the ***seven-month delay*** of the instant case that has resulted from the California Action, this case should be scheduled for further proceedings and the stay currently in place in this matter should be lifted immediately. The fact that Plaintiff is seeking reimbursement of its fees in California, the proper

---

[2] The cases Plaintiff cites in are inapposite. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) involved a district court's jurisdiction over fees after remand; *Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 481 (9th Cir. 1989) merely noted in dictum that a bankruptcy court retains jurisdiction "to dispose of ancillary matters such as an application for an award of attorney's fees for services rendered in connection with the [dismissed] underlying action"; *Wisdom v. Centerville Fire Dist., Inc.*, 2010 WL 468094, *2 (D. Idaho Feb. 4, 2010) noted that a district court retains jurisdiction over fees after a dismissal based on a motion for summary judgment; *Barton v. Sewell*, 2008 WL 2725505, *2 (E.D. Wash. July 11, 2008) dealt with jurisdiction after dismissal for lack of personal jurisdiction. None of those cases involve the situation presented here, where a defendant in a civil case (i.e., GR) first argues that the plaintiff filed a lawsuit in the wrong court, and then attempts to enforce an attorney's fees provision in the same court from which it procured a dismissal.

forum to pursue such ancillary matters under well-established precedent cited above, as a result of prevailing in that action has no bearing on and is no reason to further delay the instant case.

Defendants' Statement. In light of Plaintiff's request to enforce of a provision of Defendants' agreements with Plaintiff, the California Action remains pending, and the stay should not be lifted. Defendants propose that the Parties submit a joint report on the status of the California Action by the earlier of September 15, 2012 or ten days after the California court rules on the California Motion.

**D. Responsive Pleading Deadline**

Plaintiff's Statement. Plaintiff requests that the Court set a responsive pleading deadline of 30 days after dismissal of the California action. The reason why plaintiff is seeking to jump-start this case with a relatively fast deadline is because this action has already been delayed considerably -- ***seven months*** -- by the improper forum-shopping tactics of the defendants, as the U.S. District Court for the Northern District of California has now formally recognized.

Defendants' Statement. The California Action is still pending. Accordingly, Defendants request that the Court set a responsive pleading deadline for 20 days after all issues in the California Action are resolved. As noted above, Defendants propose that the Parties submit a joint report on the status of the California Action by the earlier of September 15, 2012 or ten days after the California court rules on the California Motion.

**E. Other Scheduling Matters**

Plaintiff's Statement: This case has already been delayed ***seven months*** by the unwarranted commencement of the California Action. Plaintiff's preliminary injunction motion has been pending for nearly seven months. Plaintiff submits that its preliminary injunction

should be set for a hearing in mid-August, and the parties should be ordered to submit a proposed joint schedule for the remainder of the case by September 1, 2012.

Defendants' Statement: The Defendants propose that the Parties file a proposed scheduling order for discovery and other motion deadlines ten days after the California court rules on the California Motion.

DATED: July 27, 2012

Respectfully Submitted,

GLOBAL RESCUE LLC,
By its attorneys,

/s/ Christopher S. Feudo

Mark M. Whitney (BBO #637054)
mwhitney@morganbrown.com
Christopher S. Feudo (BBO #670499)
cfeudo@morganbrown.com
Nicole S. Corvini (BBO #670587)
ncorvini@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
Phone (617) 523-6666
Fax (720) 293-9696

EDWARD MUHLNER, THOMAS BOCHNOWSKI, and MARK COHON
By their attorneys,

/s/ Zachary C. Kleinsasser

Gary R. Greenberg, BBO # 209420
greenbergg@gtlaw.com
Zachary C. Kleinsasser, BBO # 664291
kleinsasserz@gtlaw.com
GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts 02110
Tel: (617) 310-6000
Fax: (617) 310-6001

**LOCAL RULE 7.1(A)(2) CERTIFICATE**

The Parties have filed this as joint motion.

/s/ Christopher S. Feudo

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via U.S. first class mail to those indicated as non-registered participants on July 27, 2012.

/s/ Christopher S. Feudo