UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

UNIVERSAL OPERATIONS RISK MANAGEMENT, LLC, EDWARD MUHLNER, THOMAS BOCHNOWSKI, and MARK COHON,

Plaintiffs,

vs.

GLOBAL RESCUE LLC, and DOES 1 through 10, inclusive,

Defendants.

Case No: C 11-5969 SBA

**ORDER GRANTING MOTION TO DISMISS AND DENYING ALTERNATIVE REQUEST TO TRANSFER OR STAY**

On October 31, 2011, Plaintiffs Universal Operations Risk Management, LLC, Edward Muhlner, Thomas Bochnowski, and Mark Cohon (collectively "Plaintiffs") filed a complaint for declaratory and injunctive relief in the Superior Court of the State of California, County of San Francisco. Compl., Dkt. 1. The action was removed to this Court on the basis of diversity jurisdiction. Notice of Removal, Dkt. 1. The parties are presently before the Court on Defendant Global Rescue LLC's ("GR") motion to dismiss or, in the alternative, to transfer or stay this case. Dkt. 11. Plaintiffs oppose the motion. Dkt. 24. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion to dismiss and DENIES the alternative request to transfer or stay this case, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

Plaintiff Universal Operations Risk Management ("UnivOps") is a limited liability company organized under the laws of the State of Delaware, with its headquarters and principle place of business in San Francisco, California. First Amended Complaint ("FAC") ¶ 2. UnivOps manages client insurance, benefits and risk services and provides expert consultative services for three main captive and risk pooling services: group personal lines, international and expatriate welfare benefits, and reinsurance and risk pooling. Id. ¶¶ 2, 18. Plaintiffs Edward Muhlner ("Muhlner"), Thomas Bochnowski ("Bochnowski"), and Mark Cohon ("Cohon") (collectively, "the individual Plaintiffs") are currently executive level employees with UnivOps. Id. ¶¶ 3-5.

GR is a limited liability company organized under the laws of the State of Delaware, with its principle place of business in Boston, Massachusetts. FAC ¶ 6. GR provides medical, security, and transport services. Id. It offers its clients travel assistant services, advice and information about medical care, and other emergency concierge services. Id. ¶ 9. According to its website, GR's mission is "to provide the highest quality medical, security, transport, and other critical services for [its] members anytime, anywhere in the world." Id. Bochnowski and Muhlner were employed by GR from mid-2008 until August 2011. Id. ¶¶ 13-14. Cohon was a consultant for GR from March 2010 until November 2011. Id. ¶¶ 15-17.

As a condition of their employment with GR, Muhlner and Bochnowski each executed an employment agreement with GR, which contains a non-compete clause that states:

> Competitive Activities. During the term of my employment or other similar relationship with the Company, and for a period of two (2) years thereafter, regardless of reason for termination, I will not, directly or indirectly, whether as owner, partner, shareholder, consultant, agent, employee, co-venturer or otherwise, engage, participate or invest in any non-government, private sector business activity anywhere in the world with respect to any services or products currently provided by, or intended to be provided by, the Company, including, without limitation, providing global medical consultation, evacuation, rescue, personnel recovery, travel assistance, telemedicine, security and other services throughout the world.

FAC ¶ 12. As a condition of his consultancy relationship with GR, Cohon executed a consultant agreement with GR, which contains a non-compete clause that is virtually identical to the clause in the employment agreements signed by Muhlner and Bochnowski. Id. ¶ 16. The only difference between the clauses is the substitution of the word "employment" with "relationship" in the first sentence of the clause in Cohon's agreement, such that Cohon's agreement reads: "During the term of my *relationship* . . . ." See id. ¶¶ 12, 16 (emphasis added).[1]

The agreements executed by the individual Plaintiffs also contain a forum selection clause, which states, in relevant part:

> Governing Law; Consent to Jurisdiction. The validity, interpretation, performance and enforcement of this agreement shall be governed by the laws of Massachusetts. The parties hereto hereby irrevocably and unconditionally consent to the sole and exclusive jurisdiction of the courts of Massachusetts and the United States District Court located in Massachusetts for any action, suit or proceedings arising out of or relating to this agreement or the Proposed Transaction, and agree not to commence any action, suit or proceedings related thereto except in such courts. The parties hereto further hereby irrevocably and unconditionally waive any objection to the laying of venue of any action, suit or proceeding arising out of or relating to this agreement in the courts of Massachusetts and the United States District Court located in Massachusetts, and hereby further irrevocably and unconditionally waive and agree not to plead or claim in any such court that any such action, suit or proceeding brought in any such court has been brought in an inconvenient forum.

Richards Decl. ¶ 48, Exhs. B, D, E, Dkt. 13.

On August 15, 2011, Bochnowski and Muhlner both resigned from GR. FAC ¶¶ 13-14. On September 26, 2011, less than six weeks later, the individual Plaintiffs formed UnivOps, with Cohon as President and Bochnowski and Muhlner as Vice-Presidents. Cohon Decl. ¶ 10, Dkt. 24-3; Muhlner Decl. ¶ 56, Dkt. 24-4; Bochnowski Decl. ¶ 61, Dkt. 24-2.

On October 30, 2011, Cohon inadvertently sent an e-mail to Bochnowski's old GR e-mail address to advise Bochnowski about a potential competitor of UnivOps. Richards

[1] Plaintiffs characterize the non-compete clauses in the individual Plaintiffs' agreements as "identical." Pls.' Opp. at 10.

Decl. ¶ 38. The e-mail, which was captured by GR management, effectively notified GR that Cohon and Bochnowski had gone into business together. Id. The next day, on October 31, 2011, Bochnowski and Muhlner filed the instant action against GR in San Francisco Superior Court. See Compl. Several days later, on November 3, 2011, Cohon terminated his consulting relationship with GR. FAC ¶ 17. On that same day, an amended complaint was filed in the instant action, adding Cohon as a Plaintiff. See FAC.

By this action, the individual Plaintiffs seek a declaration that the non-compete clause contained in their agreements with GR are unenforceable under California law. FAC ¶ 1. Alternatively, if the Court determines that the non-compete clauses are enforceable, Plaintiffs seek a declaration that the individual Plaintiffs employment with UnivOps does not violate any contractual or legal obligation. Id. Plaintiffs also seek an order enjoining GR from interfering with UnivOps' employment of the individual Plaintiffs. Id.

On December 5, 2011, GR removed the instant action to this Court on the basis of diversity jurisdiction. See Notice of Removal. On December 9, 2011, GR commenced a separate state court action against the individual Plaintiffs in Massachusetts, asserting eight causes of action, including a claim for breach of contract, which alleges, among other things, that the individual Plaintiffs breached their non-compete obligations. See Whitney Decl. ¶ 3, Exh. A, Dkt. 12. Also on December 9, 2011, GR obtained an ex parte temporary restraining order ("TRO") against the individual Plaintiffs from the Massachusetts state court prohibiting them from prosecuting a separate suit in any court other than that which was mandated in the forum selection clauses. Id. ¶ 6, Exh. D. The Massachusetts action was removed to federal court on December 19, 2011. Chimes Decl. ¶ 5, Dkt. 24-1. Upon removal, the Massachusetts federal court issued an Order dissolving the TRO. Id. ¶ 6, Exh. D.

On January 12, 2011, GR filed the instant motion to dismiss based on the forum selection clauses contained in the individual Plaintiffs' agreements. Dkt. 11. In the alternative, GR requests that the Court transfer or stay the instant action. Id. Plaintiffs filed

an opposition on January 24, 2012. Dkt. 24. A reply was filed on January 31, 2012. Dkt. 25.

## II. LEGAL STANDARD

28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A motion to dismiss premised upon a forum selection clause is properly brought under Federal Rule of Civil Procedure 12(b)(3). Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). In considering such a motion, "[the] pleadings need not be accepted as true, and facts outside the pleadings may be considered." Doe 1 v. AOL, LLC, 552 F.3d 1077, 1081 (9th Cir. 2009). "[In] the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." Murphy v. Schneider Nat'l. Inc., 362 F.3d 1133, 1138 (9th Cir. 2004).

Once venue is challenged, the plaintiff bears the burden of showing that venue is proper. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979); Koresko v. RealNetworks, Inc., 291 F.Supp.2d 1157, 1160 (E.D. Cal. 2003). If the court determines that venue is improper, it may dismiss the case, or, in the interest of justice, transfer it to any district in which it properly could have been brought. 28 U.S.C. § 1406(a); Dist. No. 1, Pac. Coast Dist. v. State of Alaska, 682 F.2d 797, 799 (9th Cir. 1982). Alternatively, even if the court determines that venue is proper, the Court may, for the convenience of parties and witnesses and in the interest of justice, transfer the action to another forum. 28 U.S.C. § 1404(a). In either case, the decision of whether to transfer an action is a matter within the district court's discretion. See 28 U.S.C. § 1404(b); King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

///

///

///

## III. DISCUSSION

### A. Governing Law

Federal law governs the enforceability of forum selection clauses in diversity actions. Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (9th Cir. 2000); ManettiFarrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988). When a forum selection clause contains mandatory language, the clause must be enforced and venue will lie in the designated forum only. Docksider, Ltd. v. Sea Technology, Ltd., 875 F.2d 762, 764 (9th Cir. 1989). "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." Northern California Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995).

Forum-selection clauses are presumptively valid. Murphy, 362 F.3d at 1140 (citing Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)). "Because forum selection clauses are presumptively valid, they should be honored 'absent some compelling and countervailing reason.' " Murphy, 362 F.3d at 1140. "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.' " Id.

A forum selection clause is "unreasonable" if: (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of his or her day in court were the clause enforced; and (3) enforcement would contravene a strong public policy of the forum in which suit is brought. Murphy, 362 F.3d at 1140 (citing Bremen, 407 U.S. at 12-13, 15, 18). The "unreasonableness" exception to enforcement of a forum selection clause is narrowly construed. Argueta, 87 F.3d at 325.

### B. The Instant Motion

GR argues that dismissal of the instant action for improper venue is appropriate because the claims alleged in the FAC are within the scope of a valid forum selection clause, which mandates that this action be litigated in a Massachusetts court. In response, Plaintiffs do not dispute that the claims alleged in the FAC fall within the scope of the

forum selection clause contained in the individual Plaintiffs' agreements or that the clause contains mandatory language exclusively choosing Massachusetts as the forum for litigating the claims alleged in the FAC. Instead, they contend that dismissal of this action is inappropriate based on the first-to-file rule. In connection with this argument, Plaintiffs assert that the forum selection clause is unenforceable because enforcing it would violate California's strong public policy against non-competition clauses.

Here, the forum selection clause contained in the individual Plaintiffs' agreements expressly states that the parties "irrevocably and unconditionally consent to the sole and exclusive jurisdiction of the courts of Massachusetts and the United States District Court located in Massachusetts for any action, suit or proceedings arising out of or relating to this agreement." Richards Decl., Exhs. B, D, E. The clause further states that the parties agree "not to commence any action, suit or proceedings" related to the agreement in any court except for a Massachusetts court. Id. The Court finds that the mandatory language of the forum selection clause makes it clear that the parties agreed that venue lies exclusively in the courts of Massachusetts. See Docksider, 875 F.2d at 764. Accordingly, because the claims alleged in the FAC fall within the scope of a mandatory presumptively valid forum selection clause, the Court must enforce the parties' choice of forum and dismiss this action for improper venue "absent some compelling and countervailing reason." See Murphy, 362 F.3d at 1140.

As an initial matter, while UnivOps did not sign an agreement containing a forum selection clause, the Court finds that the forum selection clause in the individual Plaintiffs' agreements applies to UnivOps because its conduct is "closely related to the contractual relationship" of the individual Plaintiffs and GR. See Manetti-Farrow, 858 F.2d at 514 n. 5 ("[A] range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses."). Here, the individual Plaintiffs formed UnivOps, with Cohon as President and Bochnowski and Muhlner as Vice-Presidents. Cohon Decl. ¶ 10; Muhlner Decl. ¶ 56; Bochnowski Decl. ¶ 61.

As for the validity of the forum selection clause, the Court finds that Plaintiffs have failed to satisfy their "heavy" burden to show that the forum selection clause should not be enforced. Plaintiffs have not shown that enforcement of the clause would be unreasonable and unjust, or that the clause is invalid for such reasons as fraud or over-reaching. Murphy, 362 F.3d at 1140. Instead, Plaintiffs argue that the forum selection clause is unenforceable based on the first-to-file rule. The Court rejects this argument.

Under the first-to-file rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." Cedars–Sinai Medical Center v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997). The purpose of this rule is to promote efficiency and to avoid duplicative litigation. Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 625 (9th Cir. 1991). Under the rule, a district court may transfer, stay or dismiss the second action if it determines that it would be in the interest of judicial economy and convenience of the parties. Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). The pre-requisites for application of the doctrine are chronology and identity of the parties and issues involved. Alltrade, 946 F.2d at 625. In its discretion, the district court may depart from the rule for reasons of equity, when the filing of the first suit evidences bad faith, anticipatory suit, or forum shopping. Id. at 628. The most basic aspect of the first-to-file rule is that it is discretionary. Id.

While Plaintiffs contend that the first-to-file rule controls, they have failed to cite any authority supporting the proposition that a party may defeat an otherwise valid and enforceable mandatory forum selection clause by invoking the first-to-file rule. Nor has the Court located any authority holding that the first-to-file rule is a proper basis to set aside a valid forum selection clause containing mandatory language. In fact, the cases that have confronted this issue have held that it is improper for a party to invoke the first-to-file rule where the parties have entered into a contract containing a forum selection clause. See Automated Solutions, Inc. v. Fadal Machining Centers, LLC, 2011 WL 2182457, at *5 (D. Idaho 2011) ("Although Plaintiffs were the first to file, the Court finds that should not

defeat an otherwise valid and enforceable forum selection clause which Plaintiffs have not shown to be unreasonable nor does the Court find it to be."); Megadance USA Corp. v. Knipp, 623 F.Supp.2d 146, 149 (D. Mass. 2009) ("It is improper for a party to invoke the first filed doctrine in the face of a clearly articulated forum selection clause in a contract."); Hy Cite Corp. v. Advanced Marketing Intern., Inc., 2006 WL 3377861, at *4 (W.D. Wis. 2006) ("The interests of justice mandate that the first-to-file rule should not be applied to plaintiffs' action because of the forum selection clause contained within individual plaintiffs' agreements.").

The Court finds the reasoning of these cases persuasive. The first-to-file rule is not a legitimate basis for permitting the individual Plaintiffs to escape their contractual obligation to litigate their claims in the parties' agreed upon forum. Indeed, to adopt the position urged by Plaintiffs - enabling the first-to-file rule to defeat a valid and enforceable mandatory forum selection clause - would encourage parties to rush to the courthouse to file lawsuits for the purpose of circumventing their agreed-upon promises. The Court declines to adopt such a rule because to do so would sanction forum shopping and, more importantly, would contravene controlling authority requiring the enforcement of a valid mandatory forum selection clause, absent a showing that the clause is unreasonable and unjust, or is invalid for such reasons as fraud or over-reaching. See Murphy, 362 F.3d at 1140; Docksider, 875 F.2d at 764 (language in a forum selection clause that makes clear that venue lies exclusively in the designated forum is mandatory and requires enforcement of the clause). Plaintiffs have not cited any controlling authority holding that the first-to-file rule is a recognized exception to the rule that a valid mandatory forum selection clause must be enforced. As such, the Court concludes that the first-to-file rule is not a proper ground to render the forum selection clause in this case unenforceable.

Finally, with respect to Plaintiffs' contention that enforcing the forum selection clause would violate California's strong public policy against non-competition clauses as

articulated in Business and Professions Code § 16600,[2] the Court disagrees.[3] Plaintiffs do not directly challenge the forum selection clause itself. Instead, Plaintiffs speculate as to how a Massachusetts court may rule on the choice of law clause contained in the individual Plaintiffs' agreements. Plaintiffs assert that the forum selection clause violates "§ 16600 and California's public policy" and "it is possible that the clauses could be enforced if Massachusetts law applies . . ."

This type of attack on a forum selection clause has been rejected by this and other courts. See Gamayo v. Match.com LLC, 2011 WL 3739542, at *6 (N.D. Cal. 2011 (Armstrong, J.) ("With regard to the issue of whether Texas law affords the same protections as [California law], Plaintiff overlooks that the instant motion does not seek a choice of law determination. Rather, the resolution of which state's laws apply is for the Texas court to make."); Besag v. Customer Decorators, Inc., 2009 WL 330934, at *14 (N.D. Cal. 2009) (rejecting contention that enforcement of a forum selection clause would contravene public policy of the forum state because it required speculation as to which law the transferee forum ultimately would apply) (Whyte, J.); Mazzola v. Roomster Corp., No., 2010 WL 4916610, at *3 (C.D. Cal. 2010) ("Plaintiff is free to pursue remedies in federal court in New York. . . . [O]nce in the proper venue, Plaintiff is free to argue for application of California law."); Billing v. CSA–Credit Solutions of Am., Inc., 2010 WL 2542275, at *4 (S.D. Cal. 2010) ("There is no reason to believe that Texas courts will not or cannot entertain Plaintiff's choice of law arguments or that they cannot apply California law, if it is

---

[2] Section 16600 provides: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600.

[3] In support of this argument, Plaintiffs cite United Rentals, Inc. v. Pruett, 296 F.Supp.2d 220 (D. Conn. 2003), as an example of a case that transferred an action from Connecticut to California notwithstanding a forum selection clause that designated Connecticut as the proper forum. Pruett is readily distinguishable from the instant case, and therefore inapposite. In Pruett, the court held that the forum selection clause was enforceable and thus defeated a motion to dismiss for improper venue under Rule 12(b)(3) and 28 U.S.C. § 1406. See id. at 228. The court then went on to address, and grant, the alternative motion to transfer under 28 U.S.C. § 1404. See id. at 228-234.

determined that California law governs."); Swenson v. T-Mobile United States, Inc., 415 F.Supp.2d 1101, 1104-1105 (S.D. Cal. 2006) (The "question is not whether the application of the forum's law would violate the policy of the other party's state, but rather, whether enforcement of the forum selection agreement would violate the policy of the other party's state as to the forum for litigation of the dispute."). Here, the Court finds that Plaintiffs have failed to demonstrate that enforcement of the forum selection clause would contravene a strong public policy of California.

In sum, the Court concludes that Plaintiffs have not satisfied their heavy burden to show that the forum selection clause in this case is unenforceable. Plaintiffs have not shown that enforcing the forum selection clause would be unreasonable and unjust, or that the clause is invalid for such reasons as fraud or over-reaching. Accordingly, because the Court finds that the mandatory forum selection clause contained in the individual Plaintiffs' agreements is valid and enforceable, the proper venue for this case is Massachusetts.

Where venue is improper, the district court has the discretion to dismiss the case or transfer the case, if it is in the interest of justice, to an appropriate jurisdiction under 28 U.S.C. § 1406(a). Here, GR's motion requests dismissal of the instant action under § 1406(a). There does not appear to be any statute of limitations issue, and Plaintiffs do not argue that the Court should transfer this case. Moreover, the Court finds that transferring this case is not preferable to dismissal based on "the interest of justice" because Plaintiff can assert the claims alleged in this action in the pending Massachusetts action. Therefore, GR's motion to dismiss is GRANTED.[4]

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. GR's motion to dismiss is GRANTED. This action is dismissed without prejudice to the refiling of the action in a Massachusetts state or federal court.

---

[4] Having granted GR's motion to dismiss for improper venue, the Court declines to address GR's argument that this action should be dismissed or stayed pursuant to the Declaratory Judgment Act in light of the pending parallel Massachusetts action.

2. Because the Court has granted GR's motion to dismiss, GR's alternative request to transfer or stay this action is DENIED as MOOT.

3. This Order terminates Docket 11.

4. The Clerk shall close the file and terminate all pending matters.

Dated: 7/6/12

SAUNDRA BROWN ARMSTRONG
United States District Judge